WILLIAM DRURY

*v.*

LUCIUS J. HENDERSON.

*Filed at Ottawa October 31, 1892.*

1. LIMITATIONS—*proof of payment on note to take debt out of statute.* Where the proof is insufficient to prove a payment upon the specific indebtedness sued on, such payment can not be held to waive the debt and take the case out of the Statute of Limitations.

2. SAME—*payment as reviving debt—period of limitation after such revival.* A note was executed while the Limitation law of 1849 was in force, limiting actions to sixteen years. After its repeal by the act of

1872, which fixed the limitation on notes at ten years, payments were made, which were relied on as constituting a new promise and as reviving the debt: *Held*, that an action on the note after the new promise was barred in ten years.

3. SAME—*effect of new promise before the bar of the statute attaches, and one made after the repeal of statute by a law fixing a shorter period.* The provision of the act of 1872 reducing the period of limitation from sixteen to ten years, which provided that the repeal of the old law shall not be construed to affect rights existing at the time the repeal took effect nor to stop the running of any statute, prevents a creditor by note or bond from being barred in the collection of his debt by suit, which had not run sixteen years after its maturity when the repealing act was passed, and gives him until the expiration of sixteen years from the time his cause of action accrued to bring his suit; and so, also, if any payment was made on the note after its maturity and before the repeal of the statute, the right of action will not be barred until sixteen years from the time of such payment. But a payment after the repeal takes effect will not extend the period of limitation for sixteen years thereafter, but only for ten years thereafter.

4. SAME—*statute merely affects the remedy—no part of contract.* The Statute of Limitations does not enter into and form a part of a contract. So the time within which suit shall be brought relates solely to the remedy to enforce the contract, and it may be shortened or lengthened, and changed from time to time, at the pleasure of the legislature, so long as the creditor is not denied a reasonable opportunity to enforce collection of his debt.

5. Where an action barred by limitation is revived by a new promise to pay, an immediate right of action will arise therefrom, and the Statute of Limitations in force at that date will apply and fix the time within which such right of action may be enforced by the courts.

6. WITNESS—*competency of party — against one defending as heir.* The complainant in a bill to foreclose a mortgage is not a competent witness where the defendant defends as heir of a deceased person.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JAMES H. CONNELL, for the appellant:

The giving of an additional mortgage to secure a note was a new promise, sufficient to take the case out of the statute. *Balch* v. *Onion*, 4 Cush. 559; *Merrils* v. *Swift*, 18 Conn. 257; *Grayson* v. *Taylor*, 14 Texas, 672.

A payment operates as a redelivery of the note and a re-vivor of the original debt. It will not revive the debt under a new law, and thus deprive the creditor of vested rights. 30 Ill. 429.

On the general subject of the construction of statutes the court is referred to the following cases: *Garrison* v. *People,* 87 Ill. 96; *Dickson* v. *Railroad Co.* 77 id. 331; *Hyman* v. *Bayne,* 83 id. 256.

The saving clause of the statute of 1872 provides: "But this section shall not be construed so as to affect any rights or liabilities, or any causes of action, that may have accrued before this act shall take effect." The statute has a prospective effect, and not a retroactive effect. *Thompson* v. *Alexander,* 11 Ill. 55; *Dobbins* v. *Nat. Bank,* 112 id. 553; *Means* v. *Harrison,* 114 id. 248.

In 114 Ill. the court says: "Note falling due after statute of 1872, is governed by law of 1849." *Finerty* v. *Weir,* 21 Ill. App. 29; *Smart* v. *Morrison,* 15 id. 228.

On this special proposition as to the mortgage renewing the debt, it is a well recognized principle that the original note must be declared upon, and not any new promise. The debt is not annihilated, but remains the same as before, and a new promise merely revives the old debt. Woods on Limitations, p. 132, sec. 65; *Keener* v. *Crull,* 19 Ill. 189.

In *Sinnott* v. *Horner,* 30 Ill. 429, the court says it operates as a re-delivery of the note, only. *Kallenback* v. *Dickinson,* 100 Ill. 427; *McMillan* v. *McCormick,* 117 id. 79.

If this mortgage renews the note under the sixteen year statute, then this bill, having been filed March 24, 1888, was in ample time.

Mr. Justice Scholfield delivered the opinion of the Court:

The question here is, whether the lower courts correctly held the Statute of Limitations to be a bar to the right to foreclose the mortgages described in the bill. In our opinion

this depends entirely upon whether the Limitation act of November, 1849, or that of April, 1872, is applicable to the facts sufficiently proved to constitute, in legal effect, a new promise, for the evidence is insufficient to prove a payment upon the specific indebtedness secured by either mortgage within ten years before the filing of the bill, and without such proof no payment can be held to revive the debt. (*Lowery* v. *Gear*, 32 Ill. 383; *Connelly* v. *Pierson*, 4 Gilm. 108.) This, of course, assumes the entire exclusion of the testimony of appellant, who is clearly an incompetent witness, since appellee defends as "heir　*　*　*　of a deceased person." Rev. Stat. 1874, sec. 2, chap. 51, p. 488.

When the original indebtedness was contracted and the mortgages to secure its payment were executed, the Limitation act of November, 1849, which barred a foreclosure after sixteen years from the maturity of the indebtedness, was in force, and that act has the proviso that "if any payment shall have been made on any such　*　*　*　bill, promissory note, writing obligatory　*　*　*　within or after the said period of sixteen years, then an action instituted on such bill, promissory note, writing obligatory　*　*　*　within sixteen years after such payment shall be good and effectual in law, and not after." Gross' Stat. 1869, p. 430.

The Limitation act of April, 1872, was in force, and the Limitation act of November, 1849, had been repealed, when the second mortgage was executed and the payments were made, relied upon here as constituting a new promise. But in the repealing act it is provided that the repeal "shall not be construed to affect rights existing at the time the repealing act took effect," nor "to stop the running of any statute, but the time shall be construed as if such repeal had not been made." (Rev. Stat. 1874, sec. 6, chap. 131, p. 1046.) This very clearly prevents the creditor by note or bond from being barred the collection of his debt by suit, which had not run sixteen years after its maturity, when the repealing act was

passed, and gives him until the expiration of the sixteen years from the time his cause of action accrued to bring his suit. And so, also, if any payment was made upon the note or bond after the maturity of the debt and before the repeal of the statute, it prevents the creditor from being barred the collection of his debt by suit, until after the expiration of the sixteen years from the date of that payment, for by such payment the creditor would have acquired an existing right, under the statute, to have brought suit at any time within sixteen years thereafter. But the provision does not assume to declare the effect of payments which may be made after the repeal. What is not to be affected by the repeal is so plainly stated as to be insusceptible of construction, and in all other respects the repeal of the statute and the enactment of the subsequent statute are to have the usual effect of such enactments,— namely, to obliterate the prior and substitute the new statute.

The Limitation act of 1872 provides: "Actions on bonds, promissory notes,  *  *  *  shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made in writing, on any bond, note,  *  *  *  within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after such payment or promise to pay." This language is as comprehensive as could have been employed, and must be held to include all cases not within the contemplation of the provision of the repealing act of 1872 quoted *supra.*

It seems, however, to be thought, and it is accordingly contended in argument, that the circumstance, that where it is held a cause of action is taken out of the Statute of Limitations by a new promise the liability is on the old cause of action, shows that the right of action revived by the new promise will only be barred by the expiration of the same time before the bringing of the suit that would have barred the bringing of suit originally. But this assumes that the

Statute of Limitations enters into and forms a part of the contract, which is not true. The legal effect of the contract between the parties is, that the money shall be paid at the time stipulated. The time within which the suit shall be brought relates solely to the remedy to enforce the contract, and it may be shortened or lengthened, and changed from time to time, at the pleasure of the legislature, so long as the creditor is not denied a reasonable opportunity to enforce collection of his debt. (13 Am. and Eng. Ency. of Law, 695; Bishop on Contracts, sec. 571; Cooley on Const. Lim. (1st ed.) 364, *et seq.; Campbell* v. *Holt,* 115 U. S. 620; *Terry* v. *Anderson,* 95 id. 628.) The contracts here revived by the new promises were to pay presently the sums of money evidenced by the notes, etc., described in the mortgages. The creditor had the right to sue at once, and the debtor had no right to claim any delay. But the effect of the creditor not suing at once, and giving indulgence, related to the remedy. Within what time the courts would aid him in enforcing his contracts was within the discretion of the legislature, and it necessarily depended upon the law in force when the actions were revived by the new promise. The contract did not say when the right of action should be barred, but the statute which defined what should constitute a new promise, and which was in force when the acts relied upon as constituting the new promise were done, did, and it said it should be within ten years.

We find no cause to disturb the judgment below, and it is therefore affirmed.

*Judgment affirmed.*