# F. CARL KLUGE

## v.

## MARGARET KLUGE ET AL.

*Mortgages—Foreclosure—Limitations.*

1. Payments on a note made after the statute of limitations of ten years went into effect, viz., July 1, 1872, would not operate to extend the time under the previous statute of sixteen years, but under the new statute.

2. Upon a bill filed to foreclose a mortgage this court declines to interfere with a decree dismissing the s me, the defense being based upon the statute of limitations.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of Pope County; the Hon. O. H. HARKER, Judge, presiding.

Messrs. MORRIS, MOORE & MORRIS, for appellant.

Messrs. ROSE & SLOAN, for appellees.

MR. JUSTICE SAMPLE. The appellant, as an assignee of a note and mortgage, filed his bill to foreclose the same. The defendants, in their answer, interposed various defenses, among others the statute of limitation, upon which alone the decree dismissing the bill was based. The note and mortgage were executed by Carl Kluge, the appellant's father, to Hoffman, on the 18th day of June, 1868, payable

June 18, 1871. The interest was paid annually up to the year 1877, when, in four different payments made in 1877, the amount of note and all interest was paid to Hoffman, the last on the 27th day of October of the latter year, who, on the 10th day of November, 1877, assigned said note and mortgage to appellant. It is made a question of fact by the pleadings and the evidence, as to whether the mortgagee or the assignee—the appellant—paid the money on the note; but as the court, in the decree, did not pass on that question, we do not feel disposed to do so, and do not deem it necessary to a final disposition of the case. The bill to foreclose the mortgage was filed on the 17th day of ·March, 1891.

At the time the mortgage and note were executed, the statute of limitations of sixteen years applied. On its face, that limitation expired June 18, 1887. If it be conceded that the payment of the interest on June 18, 1872, extended the time under the old statute, it would be for only one year beyond the time above stated, making the limit June 18, 1888. The statute of limitations of ten years went into force July 1, 1872, and payments on the note made thereafter would not operate to extend the time under the old statute, but under the new statute. Drury v. Henderson, 143 Ill. 315; Harding v. Durand, 138 Ill. 515.

Hence, under the last payment, made on October 27, 1877, the extension under the new statute would only run to October 27, 1887, a shorter time than the extension by the payment of June 18, 1872, under the old statute of limitations. So that from any point of view, the note and mortgage were barred by the statute of limitations, unless, as claimed by the appellant, it should not in this case be enforced.

The record does not disclose to us, neither is any point of fact or law suggested, that would prevent the running of the statute, or take the case out of its operation. It is not claimed that the father of the appellant practiced any fraud other than what might morally be inferred from a failure to keep his parol promise to pay the appellant, if

it should be conceded that he made such a promise. It is not claimed that a mere verbal promise to pay a note under the statute of limitations of 1872 would extend the time of payment or revive the note. Besides, the record does not disclose that any promise was made to the appellant or his agent, so that it is difficult to perceive on what grounds such promise, if made or stated to others, fraud could be predicated.

It is urged that the evidence shows that the father agreed to make over the place to the appellant, and that such agreement was put in writing. The appellant knew of no such agreement, as he testified, and the court below might well say in view of the evidence on that point, that it was not credible. If such an agreement was made, the action should have been based upon it, and not upon the mortgage, against which the statute of limitations had run. After the bill to foreclose the mortgage was filed, the defendant filed a cross-bill for partition of the premises, which was undisposed of at the time the decree on the original bill was entered, the hearing of which was continued. We see no error in this course of proceeding. Whatever right this appellant may have on account of the payment of taxes or other claims against the real estate other than the mortgage disposed of by this decree, may be considered and passed upon at that hearing. The decree is affirmed.

*Decree affirmed.*