**Levin D. Robinson v. Rosannah Briscoe, Administratrix of the Estate of W. T. Briscoe, Deceased.**

1. LIMITATIONS—*New Promise by a Co-debtor.*—A co-debtor is not, by the mere fact that he is such, authorized to bind his associates by a mere promise to a new contract, although it may be in respect to the old debt.

2. SAME—*New Promise Prior to the Act of 1872.*—An express promise to renew a debt, barred by the statute of limitations, must be unconditional, or the condition, if any, must have been performed, and such a promise made prior to the act of April 4, 1872 (Hurd's Statutes, 1893, 941), by parol, is as valid and effectual as if made in writing.

3. SAME—*After the Act of April 4, 1872—Promise Must be in Writing.*—Under the act of April 4, 1872, if any new promise to pay shall have been made, in writing, on any note or other written evidence of indebtedness within the period fixed by that act, an action may be commenced thereon at any time within such period after the making of such promise in writing to pay.

4. SAME—*When the Promise Must be in Writing.*—In order to revive a debt barred by the statutes of limitations where the cause of action has accrued after the act of April 4, 1872, took effect, the new promise must be in writing.

5. SAME—*Requisites of the Promise.*—A new promise to arrest the running or remove the bar of the statute must be made by the debtor, as debtor, and in consideration of the original indebtedness.

6. FORMER DECISIONS—*Explained.*—Harding v. Durand, 36 Ill. App. 247, explained.

**Memorandum.**—Claim in Probate filed in the County Court, and by change of venue taken to the Circuit Court of Clark County; the

Hon. FERDINAND BOOKWALTER, Judge, presiding. Trial by jury; verdict for the defendant by instruction of the court; judgment; claimant appeals.  Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

S. S. WHITEHEAD, attorney for appellant.

GOLDEN & HAMILL, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a claim filed by appellant in the County Court against the estate of appellee's decedent and tried in the Circuit Court on a change of venue.

It was evidenced by two promissory notes, one signed by John B. Briscoe, Walter Briscoe and the decedent, dated December 14, 1869, for $500, payable to appellant one year after date, with interest at ten per cent, and the other by John B. Briscoe and the decedent, dated October 12, 1870, for $200, payable to appellant at ninety days, with like interest.   On the first were indorsed annual payments of the interest to December 14, 1882, and on the other, to October 12, 1882.

The claim was filed August 1, 1892, being soon after decedent's death, and more than five years after the period of limitation fixed by the act of 1849, in force when the notes were made, had expired, and the issue was whether the running of the statute had been arrested or its bar removed, as to him.   Upon the evidence introduced, the jury were instructed to find for the defendant; on which finding, after a motion for a new trial had been overruled, judgment was rendered.

This instruction is the only alleged error relied on.

It appears that these notes were given for money lent to John B. Briscoe, who alone made all the payments, and that as between him and decedent the latter was only a surety.   The question is whether there was any substantial evidence tending to prove that he ever expressly directed, authorized, induced or ratified any payment that was made

on them or either of them, or made any new promise in any form before the act of 1872 took effect, or afterward, in writing, to pay them.

By section 4 of the act of 1845, prescribing the limitation of sixteen years for "actions of debt or covenant" upon promissory notes and other instruments therein mentioned, it was further provided that "if any payment shall have been made on any such instrument within or after the said period, then an action instituted thereon within sixteen years after such payment, shall be good and effectual in law, and not after." (R. S., 1845, Ch. 66.)    The act of November 1, 1849, extended this limitation to "all actions" founded upon evidence of indebtedness in writing, but made no reference to the provision above quoted.    (1 Gross' Stat., p. 430.)

As was observed in Kallenbach v. Dickinson, 100 Ill. 430, that provision asserted no new legal principle but was only declaratory of the common law; nor does it say by whom said payment shall be made, nor as against whom only the period of limitation shall run, but leaves those questions to be determined by the principles of that law.    And by numerous citations in the same opinion it is shown that upon those principles the running of the statute is not arrested nor its bar removed except by virtue of a new promise of the debtor sought to be charged, with all the elements essential to a new contract, expressed or implied; that a co-debtor is not, by the mere fact that he is such, authorized to bind his associates to a new contract, although it may be in respect to the old debt; that an express promise to constitute such a contract must be unconditional, or the condition, if any, performed; that such a promise by parol is as valid and effectual as if made in writing, and that it is implied by an unconditional admission of the justice of the debt, or by part payment, with actual and affirmative intention to apply it on the debt.

But by the act of April 4, 1872, the period of limitation was reduced to ten years, with the provision that "if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract or other

written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay." R. S., 1891, Ch. 83, Sec. 16.

Any payment or new promise made after the cause of action accrued and this act took effect, to be of any force, must be such as it prescribed. Drury v. Henderson, 143 Ill. 315. The new promise, under that act, therefore, must be "in writing." Zeigler v. Tennery, 23 App. 133; Baldwin v. Baldwin, 26 Id. 176; Davis v. Mann, 43 Id. 301; Bowles v. Keator, 47 Id. 98. It is clear that the unnecessary statement in Harding v. Durand, 36 App. 247-8, that the verbal recognition of the debt due before 1872 and like promises to pay, made in 1875, and later, would have revived it—overlooked this statute and the preceding decisions of the same court above cited; and we think counsel misunderstand that of the learned judge who delivered the opinion in Kallenbach v. Dickinson, 100 Ill. on page 434—that "a parol promise, reviving a debt, has the same effect as payment under the statute." In that case, which was an action on a joint note due in 1863, against the makers, of whom only one was served with process, the replication did not aver any new promise by the defendant served, but only payment by his co-maker. Hence, the effect of a parol promise under the act of 1872, was not in question nor at all considered. It had been said (on p. 430) that the defendant relied on the limitation act of 1845, under which, on common law principles, a parol promise would revive a debt, and the reference in the statement quoted was to that act. Considering the effect of such payment, the court argued that to revive the debt it must operate like the promise, that is, as a new contract, practically creating a new debt of the same character or dignity as the old; that as the relation of co-makers did not empower either to bind the other by his promise to a new contract, it did not empower him to do so by payment; and that as the payments in question were not expressly authorized nor ratified or assented to by the defendant, they afforded no evidence of a new promise sufficient to remove the bar of the statute as to him.

All the promises shown to have been made by the decedent here were made after the full period of the statute had elapsed, and were verbal only. These, however clear and unconditional, or upon whatever new consideration, were insufficient because not "in writing."

Appellant offered a deed executed in 1884 by the principal debtor to the decedent and two others, of certain lands, in trust, to sell the same and apply the proceeds in payment of certain debts of the grantor, including the notes here in question, and to prove in connection therewith that the grantees accepted the trust, and in its execution obtained sufficient means but did not apply them to such payment; all of which the court, upon objection made, excluded.

It is said this evidence would have tended to prove a promise in writing by the decedent to pay them upon a condition which was performed. But if so, which we do not concede, it was not made in his individual capacity, as co-maker of these notes, nor in consideration of his personal indebtedness evidenced by them, but solely as a co-trustee or agent to pay them for another party and with means furnished by him for that purpose. The liability created or imposed or assumed by it was no other than it would have been if he had not signed them; it was just the same as that resting upon the other trustees, neither of whom had signed them. A new promise, to arrest the running or remove the bar of the statute, must be one made by the debtor as debtor and in consideration of the original indebtedness. We are therefore of opinion that this evidence was rightly excluded.

There was, then, no proof of a promise which directly and as such would affect the operation of the statute.

But it seems to be claimed that if words merely spoken would not affect it by direct operation as a new promise reviving the debt from the date of the promise, they might operate by way of estoppel or as a waiver of the statute. This is a distinction without a substantial difference. We can frame no form of words which would express an intention to waive the statute or be inconsistent with the pro-

posed defense, that would not also amount, expressly or by fair implication, to a promise to pay the debt. Such were those here shown. Neither contained any representation or admission of fact, but were all express promises, and they must operate, if at all, as promises—new and positive agreements to pay. In the Kallenbach case, *supra*, the Supreme Court quote with approval the following, from the opinion in Dickerson v. Myers, 12 Ind. 223: "The modern and more correct doctrine is that it is the new promise, as such, supported by the original consideration, that takes the case out of the statute, and not the new promise, viewed merely as an admission of the debt." Without conceding that a party may be estopped to plead the statute by any statement or admission of fact, we hold he can not be by a promise; nor do we know of any way in which he can waive it but by a failure to plead it. Promises made since July 1, 1872, not in writing, can not operate to revive the debt, nor to waive the statute, nor as an estoppel to plead it.

The only overt act, as distinguished from a promise, that would take the case out of the statute, is payment in part; and it is claimed that there was evidence in this case tending to bind the decedent by those here shown.

There is no pretense of any tending to show that the deceased made either of those payments or any part thereof, or contributed to, or expressly authorized, directed, encouraged or induced any or either of them, otherwise than by the notes themselves, or had any knowledge or information of any payment before or when it was made, or that at any time when or after he was informed, if he ever was informed, of any such payment, he said one word in reference to it. The most that can be claimed is that he was not shown to have repudiated, objected to or complained of it. But it is contended the correct rule as laid down in the Kallenbach case is that if, after the payment, he "ratified it, either by express words or impliedly, by availing himself of the benefit of it, as one of the joint makers, then the statute is suspended as to him also."

The record certainly fails to show any evidence whatever

Robinson v. Briscoe.

of an express ratification. Did he avail himself of the benefit of these payments, in any such way or sense as would imply it? They certainly did avail him, but they did so of themselves, by operation of law, in extinguishing *pro tanto* the debt for which he also was liable, and without any action on his part to that end. Ratification, express or implied, imports action—something more than passive acquiescence in the rightful action of another over which he had no control or right of control, though it inured to his benefit. It was not only the right, but the bounden duty of John B. Briscoe to make these payments, regardless of any objection or protest of the decedent. He therefore made them for himself, and not as agent or by authority, express or implied, of any other. Decedent could not lawfully prevent his action, nor defeat its effect to discharge him *pro tanto*, by any objection or prohibition before it was taken, or any repudiation afterward. He can not be said to ratify an action who may not also effectually repudiate it as to himself. The decedent here could not so repudiate it. He doubtless expected and desired that his brother should pay both principal and interest, and approved of the payments made when informed of them. But had he so expressed himself he would and should have been understood as so expecting, desiring and approving them, as to be made and actually made by him on his own account, as the real debtor, in his own right and according to his own duty, and not as thereby authorizing him to bind the decedent by a new contract, reviving or extending his original liability. The reasoning of Judge Story in Ball v. Morrison in reference to the authority of a partner after dissolution of the partnership, quoted and approved in the Kallenbach case, is applicable and unanswerable.

We therefore agree with the Circuit Court in opinion that there was no evidence tending to prove a promise or a payment that would avoid the effect of the statute of limitations as to the decedent. The instruction complained of was proper and the judgment will be affirmed.