(Nos. 555-556-565-565A-573, Consolidated—

THE MICHIGAN CENTRAL R. R. Co., No. 555, THE MICHIGAN CENTRAL R. R. Co., No. 556, THE C. C. C. & ST. L. RY. Co., No. 565, THE C. C. C. & ST. L. RY. Co., No. 565A, THE NEW YORK CENTRAL R. R. Co., No. 573, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Rehearing granted July 19, 1926.*
*Opinion filed March 6, 1933.*

SIDNEY C. MURRAY & MARVIN A. JERSILD, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

These claims have been pending in this court for a number of years. They were consolidated for hearing, and on May

19, 1926, all were denied. A petition for rehearing was granted July 19, 1926, and they are now up for final hearing.

All the claims are for the refund of fees paid into the State treasury by claimants under the provisions of Section 31 of the Public Utilities Act. Claimants had made application to the Public Utilities Commission for authority to issue bonds or equipment notes pursuant to the provisions of that Act. After the hearing on the applications the Commission granted the authority asked to each of claimants and ordered that the application "be, and it is hereby, charged an amount equal to ten cents for each One Hundred Dollars of bonds authorized by this order, and the same shall be paid into the State treasury before any of the said bonds shall be issued.'' This order was in literal compliance with the provisions of Section 31 of the Act. Each claimant paid the amount of fees so assessed against it, and later filed suit in this court asking that the amount paid be refunded..

Claimants base their right to have the fees paid refunded on the ground that the order of the Commission requiring the payment of the fees "constituted an interference with and a burden upon interstate commerce contrary to the Third Paragraph of Section 8 of Article 1 of the Constitution of the United States and constituted a regulation and taxation of the property of claimants and of their business and of the exercise of their functions and of their right to have and use their properties outside of the State of Illinois and the taking of their property without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States.''

In their statement and argument claimants say: "It was thought by Mr. Harris, Mr. Cary and other attorneys for the claimants that Section 31 would be unconstitutional if construed literally to apply to every railroad company making applications for issues of stocks, bonds and other securities. That if so applied, whether to domestic or foreign corporations engaged in interstate commerce and having lines located outside of the State of Illinois, it would be a burden upon interstate commerce and a tax upon property beyond the jurisdiction of the Commission; and that as applied to a foreign would be a burden upon interstate commerce and deny due process of law and equal protection of the laws.

These views were communicated by Mr. Cary to the members of the Commission before it began to function and were pressed upon the Commission from time to time" etc. It thus appears that the Commission had before it the same questions relative to the legality of the fees assessed against claimants that are presented to this court. The Commission disagreed with the contention of claimants upon these questions and entered the order above mentioned in each case.

The fees paid in compliance with these orders and the dates of payment and of filing claims in this court for their refund are as follows: By the Michigan Central Railroad Co., No. 555, $4,000.00, paid March 25, 1915; suit filed for refund December 19, 1921. By the Michigan Central Railroad Co., No. 556, $8,000.00, paid March 6, 1917; suit filed for refund December 19, 1921. By the Cleveland, Cincinnati, Chicago, & St. Louis Railroad Co., No. 565, $7,000.00, paid June 13, 1914, and $1,725.00 paid January 21, 1915; suit for refund filed March 3, 1922. By the Cleveland, Cincinnati, Chicago & St. Louis Railroad Co., No. 565A, $20,000.00, paid July 3, 1919; suit for refund filed March 14, 1922. By the New York Central Railroad Co., No. 573, $12,762.40, paid March 4, 1920; suit for refund filed April 1, 1922. The total amount of all the fees paid by claimants is $53,487.40.

Counsel for claimants and the State have filed able and voluminous briefs and arguments in support of their respective contentions. In the view we take of the case it is only necessary to discuss two of them.

Claims No. 555 and 565 were not filed in this court within five years after they accrued. Section 10 of the Act creating the Court of Claims provides that "Every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues." The State contends this law bars the allowance of these two claims. Claimants contend that as the law was passed after the claims accrued that it does not apply to them, and to apply it would make it retrospective. It is true that a retrospective law impairing the obligation of a contract or depriving one of a vested right cannot be enforced. But the right to come within this principle must be vested. There is no such thing as a vested right in a public law. Claimants had no vested right to sue

the State in this court. The giving of that right was merely an Act of grace which the Legislature has the right to take away at any time. In providing that persons might present their demands against the State to the Court of Claims the Legislature merely established a new method of procedure. It had the right to change the method at any time or to abolish it altogether. In revising the Court of Claims Act in 1917 the Legislature deemed it proper to limit the jurisdiction of the court to claims filed within five years after they first accrued. The time within which a claim must be filed is not a limitation law, and the statute in force at the time the claim is filed is the statute which gives the court jurisdiction to hear the claims. It is manifest, we think, that the Legislature intended by this section to limit the jurisdiction of the court to claims filed within five years after they first accrued. And as these two claims were not filed within that time the court has no authority to allow them. But if Section 10 be held to be a Limitation Act the Legislature had the right to change the time within which claims might be filed if such change did not deprive claimants of a reasonable time in which to file their claims. "The time within which suit shall be brought relates solely to the remedy to enforce the contract, and it may be shortened or lengthened, and changed from time to time, at the pleasure of the Legislature, so long as the creditor is not denied a reasonable opportunity to enforce collection of his debt." (*Drury* vs. *Henderson,* 143 Ill. 315-320.) "When the law only affects the remedy or procedure, the rule in this State is that all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change in the law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation." (*The People* vs. *Clark,* 283 Ill. 221-225.) The fees in Claim No. 555 having been paid March 25, 1915, and the Act limiting the time within which to file claims being in effect July 1, 1917, that claimant had the time from July 1, 1917, to March 25, 1920, to file its claim for those fees, a period of over two years and eight months. The fees in claim No. 565 were paid at two different times, the first payment of $7,000.00 having been made June 13, 1914, and the second one of $1,725.00 on January 21, 1915, that claimant had the

time from July 1, 1917, to June 13, 1919, a period of over one year and eleven months, to file its claim for the $7,000.00 paid June 13, 1914; and it had the time from July 1, 1917, to January 21, 1920, a period of over two years and six months, to file its claim for the $1,725.00 paid January 21, 1915. Under any circumstances these periods would be regarded as reasonable times within which to file the claims in this court. "Where a statute of limitations limiting the time within which an Act may be done is modified by changing the time, if such change still gives a reasonable time for the performance of the Act, taking away no vested right, it is a valid law." (*Spaulding* vs. *White,* 173 Ill. 127-131.) Under either view of section 10 claims No. 555 and 565 are barred and no award can be made for them.

The State objects to the allowance of all these claims on the further ground that claimants did not appeal from the order of the Commission requiring them to pay these fees, while claimants contend their failure to take such appeal does not bar this court from making an award for them.

Section 31 of the Public Utilities Act in force at the time these applications were filed with the Commission required the Commission to charge claimants ten cents for every hundred dollars of securities it authorized them to issue. Claimants urged before the Commission that the provisions of this section did not apply to the securities which they were asking authority to issue. The Commission held they did apply, fixed the amount of securities each claimant might issue, and ordered the fees paid into the State treasury before they were issued. From these orders claimants prosecuted no appeals but paid the fees as ordered by the Commission. These fees claimants urge were paid under protest and duress. In the view we take of the matter it is not necessary for us to pass upon that question.

The Public Utilities Commission was created by the Legislature to regulate and supervise the public utilities corporations doing business in the State, and in the performance of those duties the Commission was granted extensive powers. Section 68 of the Act provides that any person or corporation affected by any order or decision of the Commission may appeal to the Circuit Court of Sangamon County for the purpose of having the reasonableness or lawfulness of such order

or decision inquired into and determined. This section also provides that when no appeal is taken the parties affected by such order or decision shall be deemed to have waived the right to have the merits of the controversy reviewed by a court. It is manifest from the provisions of this statute that the Legislature intended to make the orders and decisions of the Commission final unless the parties affected thereby appealed from such orders or decisions to the Circuit Court of Sangamon County to have the lawfulness of the orders or decisions determined by that court. Section 69 of the Act provides for appeal to the Supreme Court from the decision of the Circuit Court of Sangamon County by any party to the action. These provisions of the Act preserve to all persons affected by the decisions of the Commission the right to have the lawfulness and reasonableness of its decisions reviewed and corrected by the courts. If claimants felt that the orders of the Commission requiring them to pay these fees were unlawful they should have taken the steps provided by the statute to have the lawfulness of the orders determined by the Circuit Court of Sangamon County. Not having done so they will be deemed to have waived the right to have the question reviewed by any other court. Such is the plain language of the statute.

Claimants urge that notwithstanding their failure to appeal from the decisions of the Commission the Court of Claims has jurisdiction to pass upon the question of the lawfulness of the decisions of the Commission and, if it finds them to be unlawful, to make awards in their favor for the refund of the fees paid. We cannot agree with this contention. We must accord to the decisions of the Commission the strength due to the judgment of a tribunal appointed by law, and its decisions will stand until they are reversed by a court having jurisdiction to review them. (*Palmyra Co.* vs. *Modesto Co.*, 336 Ill. 158-165; *Alton & Co. R. R.* vs. *Vandalia R. R. Co.*, 271 Ill. 558-565.) Under the statute only the Circuit Court of Sangamon County had jurisdiction to review these decisions. The jurisdiction of that court not having been invoked by appeal as the statute provides the decisions stand, and this court has no power to nullify them.

The State is sovereign and cannot be sued in any of the courts constituting the judicial department of the govern-

ment. But it can enter into contracts and create liabilities which it may be legally obligated to pay. Out of such contracts and obligations disagreements and disputes may arise between the State and the other parties thereto necessitating the determination of questions of both law and fact. To provide a forum for the determination of such questions the Legislature created the Court of Claims. But it is clear the Legislature did not intend the Court of Claims should take jurisdiction of matters the determination of which had been devolved upon other agencies. It was only created to hear claims and demands against the State for which no other forum had been provided. Any other construction of the powers devolved upon the Court of Claims would give it jurisdiction to review the decisions of all agencies of the State in all matters involving moneys due to or from the State. Certainly the Legislature never intended to confer such powers upon this court.

It is settled by a long line of decisions that the Court of Claims will not review the orders of officers, boards and commissions made pursuant to powers devolved upon them by the Legislature, or grant awards where claimants had a remedy by appeal to the courts of general jurisdiction which they failed to pursue. The following are a few of the many cases announcing this rule. (*Bassett* vs. *State*, 2 Ct. Cl. 372; *Mayer* vs. *State*, 3 St. Sl. 34; *Bolton and Smith* vs. *State*, 4 Ct. Cl. 104; *Toeder* vs. *State*, 5 Ct. Cl. 400; *Linden* vs. *State*, 5 Ct. Cl. 150; *Moline Plow Co.* vs. *State*, 5 Ct. Cl. 277; *N. Y. Ch. & St. L. R. R. Co.* vs. *State*, 6 Ct. Cl. 481; *Western Electric Co.* vs. *State*, 6 Ct. Cl. 414; *Anton* vs. *State*, 6 Ct. Cl. 115.) It follows from the views herein expressed that claimants are not entitled to have this court make awards for the refund of the fees alleged to have been paid. The claims are therefore denied and the cases dismissed.