| 45 | 57 |
| 128 | 104 |

| 45 | 57 |
| 142 | 397 |

| 45 | 57 |
| 201 | 2494 |

| 45 | 57 |
| e213 | 2500 |

## Benjamin F. Freeman

*v.*

## James T. Hartman *et ux.*

1. Trustee — *must not abuse the confidence reposed in him.* Where confidence is reasonably reposed, it must not be abused. And where a brother, standing to his sister in a relation of trust and confidence, purchased from her her interest in certain premises, for less than one-quarter their value, the transaction requires such an explanation as will purge it from all suspicion that any advantage was taken either to her injury, or to his own gain.

2. Deed — *voluntary conveyance by a woman on the eve of marriage — void — as against the husband.* It is a well settled principle, that a voluntary convey-

ance by a woman, on the eve of her marriage, of property which her intended husband knew her to own, made without his knowledge, is void, as against him, being in fraud of his marital rights.

3. SAME—*when void—although a consideration is paid.* And when a woman, three days before her marriage, and without the knowledge of her intended husband, conveyed her interest in certain premises to her brother who stood to her *in loco parentis,* upon a consideration less than one-quarter of their real value, and such conveyance was obtained for the reason that it was expected that after marriage the husband would not consent to its being made, such conveyance will be set aside, as in fraud of the marital rights of the husband, the same as if it had been purely voluntary.

4. SAME—*when inadequacy of price would not be a sufficient cause for setting it aside.* But, had the conveyance been made to a person standing in no relation of trust and confidence to the grantor, in good faith and without reference to the contemplated marriage, the inadequacy of consideration would not be a sufficient cause for setting the deed aside.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. FROST & TUNNICLIFF, for the appellant.

Messrs. LANPHERE & PRICE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by James T. Hartman and his wife, Henrietta Hartman, to set aside a deed made by her to her brother, Benjamin F. Freeman, the appellant herein, in November, 1862, three days before her marriage to Hartman. The deed conveyed, upon a consideration of $200, her undivided interest in the farm formerly owned by her father, and since his death occupied by the widow and children. Her interest is shown by the proof to have been worth, at the time of the conveyance, between $800 and $900. The bill seeks a rescission of the deed on the ground of constructive fraud by the brother toward his sister, and also because the conveyance was in fraud of the marital rights of the husband. The case came on to a hearing upon bill, answer, replication and proof, and the court decreed a rescission of the conveyance on the

return of the purchase money and interest, and also payment of rent.  The defendant appealed.

It appears that the father, Fauntleroy Freeman, left at his death a widow and seven children, of whom the appellant, Benjamin, was the eldest.  He was at that time not quite twenty-one years of age.  His sister Henrietta, now Mrs. Hartman, complainant in this suit, was about nineteen.  From the death of the father in 1856, to the marriage of Mrs. Hartman in 1862, the family continued to live together on the paterna farm which was managed by Benjamin.  They seem from the evidence to have lived harmoniously, and to have all contributed by their industry to the common welfare, Benjamin being the recognized head and manager of affairs abroad, and the mother and daughters performing the domestic labors. Mrs. Hartman was, for a part of the time, engaged in teaching, and the witnesses called by the appellant show she did much of the family sewing.  The attempt therefore of the appellant, to explain the low price he paid her for her interest in the farm, by setting up an indebtedness against her for her board and clothing, must be considered as failing.  We must consider these expenses abundantly compensated by her personal services and her interest, as one of the heirs, in the profits of the farm.  It appears, from the testimony of the mother, who was called as a witness by the appellant, that the deed to him was executed at his suggestion, and the reason then given was, that trouble might be avoided in future.  As the appellant must be regarded from the evidence in the record as having stood to his sister *in loco parentis*, we are inclined to the opinion that the conveyance to him of his sister's interest in the farm for less than one-fourth of its value requires an explanation which he has failed to give.

We do not, however, place our disposition of the case on that ground.

It is a settled rule that a voluntary conveyance by a woman, on the eve of her marriage, of property which her intended husband knew her to own, made without his knowledge, is void as against him, because in derogation of his marital rights

and just expectations. *Strathmore* v. *Bones*, 1 Ves. 22 ; *England* v. *Downs*, 2 Beav. 522 ; *Logan* v. *Simmons*, 3 Ired. Ch. 487 ; *Tucker* v. *Andrews*, 1 Shepley, 125 ; 1 Bright's Husband and Wife, 221, and cases there cited. The case before us falls within this principle. The deed was made but three days before the marriage, and without the knowledge of Hartman, the intended husband. The conveyance, it is true, was not strictly voluntary, but it was made upon a consideration less than one-quarter of its real value, to a person standing to the grantor in a relation of trust and confidence, and for the avowed reason that, thereby, future trouble would be avoided, by which it must have been meant that, after the marriage, the husband would probably not consent to such a disposition by his wife of her interest in the paternal farm. If such a conveyance had been made to some person occupying no position that would enable him to exercise an undue influence over the grantor, and upon a purchase in good faith, without reference to the intended marriage, the inadequacy of the consideration would not be a sufficient ground for setting the deed aside. But in the actual circumstances of this case, the deed having been evidently made in order to secure an inequitable advantage to the grantee, and because the husband's consent to such a sale could not be expected after marriage, we must hold the transaction to be as much a fraud in principle, upon his marital rights, as if the conveyance had been purely voluntary. Such a proceeding can not be placed beyond the reach of a court of equity by attempting, through the payment of one-fourth of the value of the property, to give to the deed the color of a *bona fide* sale. If the transaction had not been regarded as unjust to the intended husband it would hardly have been kept from his knowledge.

It is urged by counsel for the appellant, that, under the law of 1861, known as the married woman's law, the husband would have acquired no interest in his wife's land, even if she had not conveyed it, and, therefore, the deed was no fraud upon his marital rights. But a majority of the court have held in the case of *Cole* v. *Van Riper*, 44 Ill. 58, that that

law is not to be construed as destroying the curtesy of the husband in his wife's realty.

The decree of the Circuit Court must be affirmed.

*Decree affirmed.*

BREESE, Ch. J.: I did not concur in the decision of *Cole* v. *Van Riper*, in which it is held a wife cannot convey her land without the assent of her husband, he being entitled to a life estate therein, and may become a tenant by the curtesy. Having such rights, it seems to me clear, a woman owning land, who in contemplation of marriage conveys it away, does so in fraud of the marital rights of her intended husband, and the conveyance is void. 1 Bright's Husband and Wife, 221–222.

This decision is, it seems to me, a necessary sequence of the case of *Cole* v. *Van Riper*.

WALKER, J.: I concur in the legal principles announced in this case, but do not concur in holding the conveyance fraudulent in fact. From the whole record, I think we may infer that it was made to carry out a previous understanding of the parties.