## HENRY H. WALKER

*v.*

## LEONORA WARNER *et al.*

*Opinion filed April 17, 1899.*

1. MORTGAGES—*effect of foreclosure and sale where mortgagor's grantee is not a party.* A foreclosure decree, sale and master's deed under a proceeding begun after the mortgagor had parted with title but to which his grantee is not a party, leaves in such grantee nothing except his right to redeem in equity. (BOGGS, J., dissenting.)

2. SAME—*right of redemption can be asserted only in equity.* The right of a grantee of the mortgagor to redeem from a foreclosure sale had under a proceeding begun after he received and recorded his deed but to which he is not a party, is merely an equitable right, which must be asserted in a court of equity.

3. PLEADING—*when right to relief must be determined from the date of amended bill.* Whether or not an equitable right to redeem from a foreclosure sale has been lost by *laches* must be determined with reference to the date of amended bill praying redemption, where the original bill is one filed under the Burnt Records act, which seeks to establish complainant's right as a fee simple title.

4. LACHES—*equitable right of redemption may be lost by laches.* An equitable right of redemption may be lost unless it is asserted within a reasonable time and before the situation of the parties has changed or the rights of third parties have intervened and improvements been made.

5. SAME—*Statute of Limitations does not govern question of laches.* In determining whether there has been *laches* in the matter of exercising an equitable right of redemption a court of equity is not necessarily controlled by the period of limitation as fixed in actions at law, and a delay of a much less period may bar the right.

6. LIMITATIONS—*effect of payments after act of 1872 is determined by such act.* The effect of payments upon a mortgage debt after the Limitation act of 1872 was in force is determined by such act, with reference to the tolling of the statute, notwithstanding the mortgage was executed prior to such time.

7. The court reviews the facts in this case, and holds that the right of redemption sought to be enforced was barred, whether by application of the doctrine of *laches*, or of the doctrine that the right to redeem must be governed by the Statute of Limitations as applied, by analogy, to foreclosure proceedings.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This is a proceeding under the Burnt Records act; and the original petition was filed by Henry H. Walker, the appellant, on May 21, 1896. To this petition the appellees, the Chicago, Madison and Northern Railroad Company, the Chicago, Santa Fe and California Railroad Company, the Atchison, Topeka and Santa Fe Railroad Company, Nelson A. Steele, Margaret A. Steele and Hiram C. Wheeler, all of whom were defendants below, filed demurrers. The demurrers were sustained. Thereafter the appellant, by leave of court, on May 8, 1897, filed an amended and engrossed petition. To this amended and engrossed petition demurrers were also filed by appellees, which were sustained. Further amendments to the petition were subsequently filed, but demurrers to the petition, as thus further amended, were also sustained; and the court below, after sustaining all the demurrers, dismissed the petition as amended. The present appeal is prosecuted from such order of dismissal.

The original petition filed on May 21, 1896, set up that the records of Cook county were destroyed by fire in October, 1871; that at that time Samuel J. Walker owned all the premises in dispute; that his title thereto was then subject to certain mortgages and deeds of trust, all of which are alleged to have been since released or discharged or barred, except a deed of trust made by said Samuel J. Walker to Samuel M. Moore, which was recorded in the recorder's office of Cook county on April 17, 1871; that on June 1, 1866, Samuel J. Walker executed a mortgage to Charles W. Stewart, which was duly recorded in said recorder's office, conveying the east half of the east half of section 30, town 39, north, range 14, east, in Cook county, consisting of 160 acres, to secure the sum of $43,141.16 payable six months after date; that, on August 27, 1873, said Walker and wife conveyed to George J. Sherman by warranty deed the premises here in dispute, which deed was recorded on October 7, 1873; that thereafter on January 6, 1879, one Alexander

E. Orr, claiming to be the owner of said mortgage to Charles W. Stewart, filed a bill in the Circuit Court of the United States for the Northern District of Illinois to foreclose said mortgage; that Walker and others were made parties defendant in such foreclosure suit, but that said George J. Sherman was not made a party defendant; that therein a decree of foreclosure was entered, and said premises with other property were sold by Henry W. Bishop, master in chancery of said court; that at said sale the master sold to Charles B. McCoy all that part of the south-east quarter of said section, including the premises claimed by petitioner, lying south of the Illinois and Michigan Canal, with certain exceptions not here in controversy; that a certificate of sale of said premises was issued to said McCoy on January 28, 1882, and recorded on the same day; that afterwards on April 9, 1887, said master executed his deed, conveying the premises described in the certificate of sale to the appellee, Nelson A. Steele, to whom McCoy had assigned the certificate of sale, which master's deed was recorded April 13, 1887; that, on October 12, 1888, Nelson A. Steele executed a quit-claim deed of the premises named in the master's deed executed to him to Charles R. Steele, which latter deed was recorded March 15, 1889; that afterwards and about December 8, 1888, Charles R. Steele died, leaving all his property by will to his wife Margaret A. Steele and his son, the said Nelson A. Steele; that on July 22, 1889, said Nelson A. Steele and Margaret A. Steele conveyed said premises to the appellee, Hiram C. Wheeler; that the said Margaret A. Steele on September 26, 1892, conveyed all her interest in said premises to Nelson A. Steele; that said Nelson A. Steele, Hiram C. Wheeler, the three railroad companies above named, and other persons, claimed interests in said premises. The original petition averred, that George J. Sherman was the owner of said premises at the time of said foreclosure; that said master's sale was utterly void as to said Sherman, or his

grantees, or those claiming under him; that neither the said Nelson A. Steele, nor Charles R. Steele, nor Margaret A. Steele, nor Hiram C. Wheeler acquired any interest in said lands, but the same belonged to George J. Sherman; that afterwards on August 18, 1893, Sherman and his wife executed their deed conveying to petitioner, the present appellant, Henry H. Walker, the premises belonging to him, which deed was recorded on September 7, 1893; that the appellant has ever since been and still is the owner in fee simple of the premises claimed by him herein. The prayer of the original petition was that the title of the petitioner might be confirmed and established in fee simple to the premises claimed by him.

The amended petition, filed on May 8, 1897, alleges that the petitioner therein, the present appellant, is the owner of the premises here claimed, located in the southeast quarter of said section 30, and amounting to 1.815 acres; that the executor of one Andrew B. Price, the owner of the trust deed made by Samuel J. Walker to Samuel M. Moore, has filed his bill in the circuit court of Cook county to foreclose the same, and that said suit is still pending; that the mortgage debt of $43,141.16, secured by the Stewart mortgage, was reduced to $11,000.00 prior to September 30, 1873, by payments; that the decree of foreclosure in the suit begun by Orr on January 6, 1879, was entered on December 12, 1881, finding the sum due to be $19,101.25; that said decree found that there was a subsequent encumbrance on a part of the premises not here in question and on other property, amounting to $452,927.65, and that, subsequently to the making of both mortgages, the premises had been subdivided, the subdivisions being called Canalport and Walker's Dock addition to Chicago; that the master filed his report in January, 1882, showing that he had sold the premises ordered to be sold in six different parcels on separate bids; that the part sold to Charles B. McCoy, which consisted of about 19 acres and included the 1.815 acres,

deeded by Samuel J. Walker to George J. Sherman and
by George J. Sherman to the appellant, was so struck
off and sold for the sum of $2500.00; that the aggregate
purchases at the sale under the Stewart mortgage were
$132,668.00; that the master's report of sale was confirmed
February 28, 1882; that the proceeds of the sale were so
applied by the court that the Stewart mortgage and the
decree were fully paid and satisfied. The amended peti-
tion of May 8, 1897, contains substantially the same alle-
gations as the original petition, as the same have already
been set forth, but, in addition thereto, it avers that the
master's sale satisfied the Stewart mortgage; that the
purchaser acquired only a right of subrogation which he
might assert until the same should be barred by the Stat-
ute of Limitations, but which he has not in fact asserted;
that, if said purchaser acquired any other right at said
sale, it was the right to receive from the petitioner, or
his predecessor in title, the proportion of $2500.00, which
the value of the part conveyed to the petitioner bears
to the value of the parcel sold to McCoy; that the title,
taken by said Steele and his assigns, was and is subject
to the right of George J. Sherman and his assigns to re-
deem therefrom; that the petitioner is the owner of the
premises conveyed to him, subject only to whatever lien
or charge, if any, continued to exist thereon by reason
of the Stewart mortgage and the foreclosure thereof, and
the sale of the portion in which petitioner is interested.
The amended petition then avers, that the petitioner is
informed and believes that within five years after the
date of said master's deed, and within five years prior to
the filing of original petition herein, the Atchison, Topeka
and Santa Fe Railroad Company in Chicago, the Chi-
cago, Madison and Northern Railroad Company, Nelson
A. Steele and Hiram C. Wheeler entered into possession
of the premises, or some part thereof, and have continued
in such possession ever since; that said railroad compa-
nies occupy of said premises a strip running parallel with

the north line, and about one hundred feet in width, in all comprising a total area of $\frac{723}{1000}$ of an acre within the boundaries of the land claimed by petitioner. The prayer of the amended petition is, that petitioner's "title may be confirmed and established in fee simple, subject to the trust deed by Samuel J. Walker to Samuel M. Moore above mentioned, to all the premises above described, and that he may be let into the possession thereof; but, if it shall be found that the purchaser at said foreclosure sale or his assigns has or have still some lien or charge upon said premises, or some right therein, that then petitioner's title may be confirmed subject to such right, and subject to said trust deed to said S. M. Moore above mentioned, and that the amount thereof may be ascertained and petitioner permitted to pay the same, which he hereby offers to do; and that he may have such other relief as to equity appertains."

WILSON, MOORE & MCILVAINE, for appellant:

The defendants have been in possession of the premises in question less than five years. No adverse right could be acquired in that time which would avail against the true owner. Even if, therefore, the entry could be said to be under the master's deed, as color of title, petitioner had, as to such a claim, the better right, and was entitled to his relief.

Taking it that defendants' entry and possession can only be referred to the mortgage, and assuming that they are to be treated as assignees thereof or owners of a lien thereunder, then the decree of the court was wrong unless the petitioner's right of redemption had become barred when this suit was brought; and the question whether it was or not must be held to relate to the time of defendants' entry, for when a mortgagee enters, claiming under his lien, the statute immediately stops running and the mortgage thenceforth continues open, either for foreclosure or redemption. *Jackson* v. *Lynch*, 129 Ill. 72; *French*

v. *Goodman,* 167 id. 354; *Fountain* v. *Bookstaver,* 141 id. 468; *Backus* v. *Burke,* 65 N. W. Rep. 463.

If then, defendants being mortgagees in possession, the right to redeem was not barred when they entered, it is not barred now.

LEE F. ENGLISH, for appellees Nelson A. Steele, Margaret A. Steele and Hiram C. Wheeler.

C. V. GWIN, (JAMES FENTRESS, of counsel,) for appellee the Chicago, Madison and Northern Railroad Co.

ROBERT DUNLAP, (E. D. KENNA, of counsel,) for appellees the Chicago, Santa Fe and California Railroad Co. and the Atchison, Topeka and Santa Fe Railroad Co.

· Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The original petition in this case alleges, that appellant is the owner in fee simple of the premises claimed by him, and asks that his title as such owner be established and confirmed. The amended petition is so framed, as to be a bill to redeem from the foreclosure sale. The prayer of the amended petition is that if the purchaser at the foreclosure sale, or his assigns, have any lien or charge upon said premises, the amount thereof may be ascertained, and appellant may be permitted to pay the same.

Samuel J. Walker was the mortgagor, who executed the Stewart mortgage. On August 27, 1873, he sold and conveyed a part of the premises subject to that mortgage to George J. Sherman. When the Stewart mortgage was foreclosed, Samuel J. Walker, the mortgagor, was made a party defendant, but his grantee, Sherman, was not made a party defendant. Sherman acquired his interest by deed from Walker more than five years before the foreclosure proceeding was begun, the foreclosure bill having been filed on January 6, 1879.

It is contended by the appellant that, as Sherman was not made a party to the foreclosure proceeding, the sale thereunder was utterly void as to him, and as to appellant, his grantee. Appellant does not allege in his petition, that either Samuel J. Walker, or Sherman, or he himself, paid the Stewart mortgage or any part thereof, or that he or Sherman has offered to redeem from the sale under the Stewart mortgage, but insists that the purchaser at the foreclosure sale acquired only a right of subrogation, which right has been barred by the Statute of Limitations; and that, by reason of such bar and also by reason of the alleged satisfaction of the Stewart mortgage by the foreclosure sale, appellant's title has ripened into an absolute fee simple title. Undoubtedly, Sherman, as the grantee of the equity of redemption, should have been made a party to the foreclosure suit. His rights could not be cut off by that proceeding, unless he was made a party thereto. But the decree of foreclosure was not, for that reason, a void decree. Sherman was still the owner of the equity of redemption. As the court obtained no jurisdiction over him in the foreclosure suit, his rights remained unaffected by it. The right, however, which thus remained unaffected, was simply a right to redeem. (*Cutter* v. *Jones,* 52 Ill. 84; 2 Jones on Mortgages,—5th ed.—sec. 1048).

Samuel J. Walker could invest his grantee, Sherman, with no greater title than he himself possessed. The purchaser of the mortgaged premises from the mortgagor stands in the shoes of the mortgagor, and is charged with notice of the mortgage and its legal effect. He merely succeeds to the rights of the mortgagor. The failure to make him a party to the proceeding to foreclose the mortgage does not affect the validity of the decree, but simply leaves his right of redemption unimpaired. The original mortgagor, Samuel J. Walker, was a party to the foreclosure decree, and, as there is no claim that the sale was not fair and regular, the purchaser at the sale and his

grantees should be protected. The purchaser at the sale under the decree of foreclosure takes the interests of the defendants, and also of the mortgagee, divested of any equity of redemption on the part of all persons who are parties. Although the grantee of the mortgagor, who is not a party, is not affected, yet his interest, which remains the same, is only a right to redeem. By the foreclosure and sale and the master's deed thereunder, the legal title becomes vested in the grantee in such deed, and leaves nothing in the mortgagor, or his grantees, who are not parties to the proceeding, except the right to redeem in equity. Inasmuch as the interest of the grantee of the mortgagor, who is not made a party to the foreclosure, is merely a right of redemption, the right which he has is an equitable one, and must be asserted in a court of equity. The views thus expressed are sustained by the following authorities: *Carroll* v. *Ballance*, 26 Ill. 9; *Oldham* v. *Pfleger*, 84 id. 102; *Taylor* v. *Adams*, 115 id. 570; *Rose* v. *Walk*, 149 id. 60; *Cutter* v. *Jones*, *supra; Kelgour* v. *Wood*, 64 id. 345; *Kenyon* v. *Shreck*, 52 id. 382; *West* v. *Reed*, 55 id. 242; *Seaman* v. *Bisbee*, 163 id. 91; *Barrett* v. *Hinckley*, 124 id. 32; *Mulvey* v. *Gibbons*, 87 id. 367; *Bryan* v. *Kales*, 162 U. S. 411; *Bryan* v. *Brazius*, id. 415.

By the foreclosure sale to McCoy, and the execution of the master's deed to Steele, who obtained the certificate of sale from McCoy by assignment, the legal title passed to Steele, subject only to a right of redemption in Sherman, who was not made a party to the foreclosure proceeding.

Inasmuch as the only right, which Sherman had after the foreclosure sale was a right of redemption, the question arises whether or not that right was barred or lost when the amended and engrossed petition was filed in this case on May 8, 1897. It is a difficult question to determine, and is left in much uncertainty by the authorities, as to when an equitable right of redemption is barred, especially where the redemption is to be made from a mortgage, or a sale under the foreclosure thereof, where

the claimant of the right of redemption has not been made a party to the proceeding. In determining whether, in this case, the right has been barred, the time of filing the amended petition, to-wit, May 8, 1897, and not the time of filing the original petition, to-wit, May 21, 1896, is to be taken into consideration. The original petition was not a bill to redeem, but a bill to establish title. There was no prayer asking for the exercise of the right of redemption, until the filing of the amended petition. The appellant abandoned the case made by his original bill or petition, and made a new and different case by way of amendment, thus making use of the privilege of amending, in order to make an entirely new bill. (*Shields* v. *Barnum*, 17 How. 130). As, therefore, the amendment to the original petition transformed it into a bill to redeem, we must regard the date of the filing of the amended petition, as the date when the prayer for the exercise of the right of redemption was first made. Whatever may be the period of time, within which the appellant ought to have exercised his right of redemption, that period must be calculated with reference to the date of filing the amended petition.

The right of redemption being a purely equitable estate, a court of chancery will not protect and enforce it unless equitable considerations require it to do so. As the right is the creation of a court of chancery, it can only be asserted in such court when its assertion is plainly equitable. (*West* v. *Reed, supra; Kenyon* v. *Shreck, supra*). It may, therefore, be lost, unless it is asserted within a reasonable time, and before the situation of the parties has changed, and the rights of others have intervened, or improvements have been made. In other words, the right may be lost by *laches*. In the recent case of *McDearmon* v. *Burnham*, 158 Ill. 55, we said (p. 62): "When a court of equity is asked to lend its aid in the enforcement of a demand that has become stale, there must be some cogent and weighty reasons presented why it has been permit-

ted to become so. Good faith, conscience and reasonable diligence of the party seeking its relief are the elements that call a court of equity into activity. In the absence of these elements the court remains passive, and declines to extend its relief or aid."

In determining whether there has been *laches* in the matter of exercising a right of redemption, a court of equity is not necessarily controlled by the period of limitation, as fixed in actions at law. A delay for a much less period than that prescribed by the Statute of Limitations will, according to the circumstances of the case, be held to be *laches* and a bar to the right of redemption. (*Williams* v. *Rhodes*, 81 Ill. 571). Where there has been a defective foreclosure, the equity of redemption will not be permitted to be asserted against a superior equity, or an equity still stronger. (*Mulvey* v. *Gibbons*, *supra*).

In the present case, the debt secured by the mortgage to Stewart was due on December 1, 1866. When the present bill to redeem was filed on May 8, 1897, more than thirty years had elapsed since the maturity of the debt, secured by the Stewart mortgage. More than twenty-three years had elapsed since the last partial payment on September 30, 1873, had been made upon that mortgage. More than eighteen years had elapsed since the proceeding to foreclose the mortgage was instituted, to-wit, January 6, 1879; nearly sixteen years had elapsed since the decree of foreclosure was entered on December 12, 1881. Sherman obtained his deed from Samuel J. Walker on August 27, 1873. He held the title for twenty years until August 18, 1893, when he made a deed to the present appellant. Sherman was affected with notice of the existence of the mortgage when he obtained his deed from Walker. For a period of twenty years he held the title without making any payment whatever upon the mortgage debt. The appellant waited nearly four years after obtaining his deed from Sherman, before he filed this petition or bill to redeem. When the bill was filed,

more than fifteen years had elapsed since the property was sold under the foreclosure decree by the master in chancery on January 28, 1882. The master's deed to Steele was executed on April 9, 1887, and more than ten years had elapsed after that date before the filing of the bill to redeem. Neither Sherman, nor the appellant, paid any taxes upon the land after January 6, 1879, when the bill to foreclose was filed, nor, so far as appears, did Sherman pay any taxes prior to the filing of the bill to foreclose. In the meantime, Nelson A. Steele, who obtained the master's deed, had parted with his interest to the appellees herein. The appellees, who are railroad companies, had acquired a right of way through the property in question, and laid down their tracks about six years before the present bill was filed. The failure of the appellant and his grantor, Sherman, to pay taxes or make any payments upon the mortgage would indicate an abandonment of the property on their part. Under these circumstances it would be inequitable to allow a redemption. The equity of redemption cannot be enforced where there has been an attempted foreclosure, and all parties have supposed that the foreclosure was good, and the holder of the equity of redemption has abandoned the premises and all claim to them, never paying any taxes or offering to redeem until after a series of years, when the property has passed through many hands for full value, and has become valuable. (*Mulvey* v. *Gibbons, supra*).

In some cases, it is said that the right to redeem and the right to foreclose are mutual and reciprocal, and that when the one is barred the other is barred. This proposition rightly understood only means that, if the instrument be a mortgage with one party, it must be a mortgage with both, that it cannot be a mortgage on one side only, but must be a mortgage with both parties. (*Bradley* v. *Norris*, 63 Minn. 156; *Locke* v. *Caldwell*, 91 Ill. 417; *Jackson* v. *Lynch*, 129 id. 72; *Green* v. *Capps*, 142 id. 286). So long as the relation of mortgagee and mortgagor exists, the right

of redemption exists. It seems to be assumed by counsel for appellant, that, as the appellees succeeded to the rights of the mortgagees by reason of holding under the purchaser at the foreclosure sale, the relation of the appellees, as such mortgagees, to the appellant, as mortgagor, or as holding under the mortgagor, continued to exist by reason of the fact that appellees took possession of the property in 1891, a little more than five years before the filing of the amended petition. It is true that, after condition broken, the mortgagee has two methods of enforcing the security for the debt; one of these methods is by bill in equity for the sale of the mortgaged property; the other is by entry and possession of the property by the mortgagee and the application by him of the rents and profits to the payment of the debt and interest. When the mortgagee enters and takes possession after condition broken, and before the debt is paid, for the purpose of enforcing his security, the relation of mortgagee and mortgagor continues to exist, and the mortgagee occupies a position of trust with reference to the mortgagor. But, in the present case, possession was not taken by the purchaser at the foreclosure sale, or any of his grantees, until the proceeding by foreclosure had been completed, and a sale had been made and a master's deed had been executed. The initiation of the foreclosure proceedings may have operated to acknowledge the outstanding right of redemption at that time, but the culmination of the proceedings and the deed of the master must be recognized as evidence of the assertion, on the part of the mortgagee or the purchasers at the sale, of an extinguishment of the equity of redemption. (*Harter* v. *Twohig,* 158 U. S. 448). The possession taken in 1891 was not under the mortgage, but was adverse to the rights of the mortgagor and his grantees. Such possession was taken in assertion of the rights of the purchaser and his grantees, as acquired by virtue of the mortgage sale and the master's deed. Even if the

limitation upon the right to redeem be regarded by analogy as the same as the statutory limitation on foreclosure by suit, here the master's deed, executed on April 9, 1887, to Steele was so executed more than ten years before the present bill to redeem was filed. Under the Limitation law suits to foreclose mortgages are barred within ten years after the right of action, or the right to make sale, accrues. The amended petition may be fairly construed to allege that a payment was made upon the Steele mortgage as late as September 30, 1873. This payment was made after the Limitation law of 1872 went into force. Hence, the payment of September 30, 1873, relied upon as constituting a new promise and as reviving the debt, revived the debt for a period only of ten years from that date. (*Drury* v. *Henderson*, 143 Ill. 315). Although this mortgage was executed when the Statute of Limitations of 1849, barring the debt in sixteen years, was in force, yet, inasmuch as a payment was made after the act of 1872 went into force, that act governed as to the time of the extension created by the payment. It follows that, even if Sherman or the appellant was entitled to redeem from the mortgage sale for ten years after the execution of the master's deed, ten years had expired before the amended bill or petition in this case was filed.

One of the counsel has suggested another view of the matter, and that is, that under section 15 of the Limitation law of 1872, "all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued." It is urged, that a proceeding to enforce the right of redemption is a civil action, and should, therefore, be commenced within five years after the right to redeem has accrued. If this view be adopted, the five years had elapsed after the taking out of the master's deed on April 9, 1887, before May 8, 1897, the time of the filing of the present bill or petition.

It is apparent, therefore, that, whether we apply to the facts of this case the doctrine of *laches* as enforced in

equity—which does not fix any particular period for the termination of the right of redemption, but leaves it to depend upon the equitable circumstances developed in each case—or the doctrine that the limitation of the right to redeem in equity must be governed, by analogy, by the Statute of Limitations, as enforced in actions at law, or as applied to the right of foreclosure, in either view, the appellant's right of redemption was gone when the amended bill or petition was filed.

We are, therefore, of the opinion that the court below committed no error in sustaining the demurrer to the petition filed by the appellant. Accordingly the decree of the circuit court, dismissing the petition, is affirmed.

*Decree affirmed.*

Mr. JUSTICE BOGGS: I do not concur in the view a decree of foreclosure, sale and master's deed thereunder leave nothing in the grantee of the mortgagor holding under a recorded deed, who was not a party to the foreclosure proceeding, except a right to redeem in equity. Such a grantee, by the conveyance from the mortgagor, became vested with the title to the mortgaged land subject to the lien of the mortgage. His right and title are in nowise affected by a decree in a proceeding to which he was not a party. (*Ohling* v. *Luitjens,* 32 Ill. 23; *Dunlap* v. *Wilson,* 32 id. 517; 9 Ency. of Pl. & Pr. p. 305.) Prior to the filing of a bill to foreclose a mortgage the grantee of the mortgagor might discharge the mortgage lien by making payment of the principal and interest of the mortgage debt. The rendition of a decree to which he is not a party has no efficacy to deprive him of that right, and he may after sale under such a decree, as before, discharge the lien of the mortgage by payment of principal and interest of the indebtedness secured by the mortgage. He is not bound by the adjustment made in the foreclosure proceeding of the amount of such indebtedness, nor is he answerable for the costs made in the

proceeding, but can remove the lien of the mortgage by paying the debt thereby secured without regard to the decree or any sale made thereunder. True, a mortgagee may institute an action in ejectment against such grantee and recover in such action, but his entry and holding under such judgment is that of a mortgagee in possession, subject to account for rents and profits, and required to re-deliver possession whenever the lien of the mortgage is discharged.