MARTHA J. BIGONESS, Appellant, *vs.* LYDIA B. HIBBARD *et al.* Appellees.

*Opinion filed Feb. 17, '15—Leave to file petition denied April 7, '15.*

1. REDEMPTION—*right of a widow to redeem from a mortgage given by husband's grantor.* A widow who has joined her husband, in his lifetime, in a mortgage for the purpose of releasing her dower, may redeem from the mortgage by the payment of the mortgage debt and have her dower in the lands; and her right is the same in relation to a mortgage given by her husband's grantor before the husband acquired the land.

2. SAME—*when wife's right to redeem is unaffected by foreclosure decree.* Where a husband acquires land upon which his grantor has placed a mortgage and the mortgage is foreclosed without making the wife a party to the foreclosure proceeding, the decree, though not void, does not affect the wife's right to redeem; but such right is simply a right to redeem, which can be asserted only in a court of equity and which may be lost by *laches.*

3. SAME—*inchoate right of dower is sufficient interest on which to base bill to redeem.* Where a wife is not made a party to a proceeding to foreclose a mortgage which was upon the land when her husband acquired the same, she is not required to wait until

her husband's death before filing a bill to redeem, as her inchoate right of dower is a sufficient interest to enable her to maintain such a bill in her husband's lifetime.

·. 4. SAME—*when right to file bill to redeem is barred by laches.* A bill by a wife to redeem after foreclosure of a mortgage which was .on the land, when her husband acquired it and which was foreclosed without her being made a party to the suit, is barred by *laches* after a delay of more than fourteen years from the time of the execution of .the master's deeds, where there was nothing to prevent her bringing suit during such time; and this is true notwithstanding her husband was living during all such period.

APPEAL from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

The appellant, who is the widow of Octave Bigoness, filed her bill in the superior court of Cook county, the object of which was that she might be permitted to redeem certain real estate formerly owned by her deceased husband, from mortgages thereon and decrees of foreclosure and sales thereunder, and might be adjudged to be entitled to dower in the premises. The bill was amended, a demurrer was sustained to the amended bill, it was dismissed for want of equity; and the complainant has appealed.

The facts appearing from the bill are, that on April 10, 1890, Albine Fortin, who was the owner of the nine lots in controversy, executed a separate trust deed on each lot, except lot 2, for separate loans of money, and afterward conveyed all the lots by quit-claim deed to Octave Bigoness. Various bills for the foreclosure of these trust deeds were filed in 1893 and 1894, decrees of foreclosure were rendered, under which the lots were sold and master's deeds were executed prior to October 29, 1897. Lot 2 was sold under execution upon a judgment which was a lien prior to the date of the quit-claim deed to Octave Bigoness, and a sheriff's deed was executed therefor on August 9, 1895. By *mesne* conveyances the title to all the lots has been vested in the appellees. Octave Bigoness died on Septem-

ber 13, 1909. The appellant was married to him in 1861 and continued to be his wife until his death but was not made a party to any of the foreclosure suits and did not appear therein. The appellees and their predecessors in title have been in possession of the premises, and in receipt of the rents and profits thereof, since the commencement of the foreclosure suits, such possession having continued for more than fourteen years before the filing of the original bill in the present suit, on August 29, 1910.

JOSEPH M. CALLAHAN, FRANCIS J. CALLAHAN, and JAMES E. CALLAHAN, for appellant.

CHARLES L. BARTLETT, SHERMAN C. SPITZER, ROBERT HUMPHREY, and EDMOND MCMAHON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Since the appellant was not a party to the suits the decrees of foreclosure did not affect her inchoate right of dower subject to the encumbrances existing when her husband acquired the title. A widow who has joined her husband, in his lifetime, in a mortgage for the purpose of releasing her dower may redeem from the mortgage by the payment of the mortgage debt and have her dower in the land. Her right is the same in relation to a mortgage given by her husband's grantor before the husband acquired title. The appellant clearly has the right to redeem from the mortgages and have her dower assigned unless she has lost that right in some way. The appellees claim that she has lost the right because of the lapse of time and *laches.*

The decrees of foreclosure were not void. They did not affect the appellant's right to redeem, but the conveyances under them had the effect of transferring the legal title to the purchasers. The court not having acquired jurisdiction of the appellant, her right remained unaffected

by the decrees. That right, however, was simply a right to redeem. (*Walker* v. *Warner*, 179 Ill. 16; *Cutter* v. *Jones*, 52 id. 84.) It could be asserted only in a court of equity and might be lost by *laches*. (*Walker* v. *Warner*, *supra*.) The inchoate right of dower, which was all the interest the appellant had in the premises prior to her husband's death, was not such a right as could be enforced by any proceeding. She could not bring any action for dower until after her husband's death, and she began this suit within a year after that event. Before she can have her dower assigned, however, she must redeem from the mortgage by the payment of the mortgage debt, and for this purpose, as well as the assignment of dower, the suit is brought.

The appellees argue that the appellant might have maintained a bill to redeem in her husband's lifetime, and that her failure for fourteen years to bring such a suit constitutes such *laches* as to bar her right. On the other hand, the appellant insists that since a wife has no present estate or vested interest in her husband's real estate but only a contingent interest or possibility of acquiring an interest which she cannot enforce by any proceeding in his lifetime, therefore the appellant could not have maintained a suit to redeem in her husband's lifetime. In *Higgins* v. *Higgins*, 219 Ill. 146, it was held that an inchoate right of dower, though it could not be asserted in the lifetime of the husband, was such an interest as could be the basis of a suit to set aside a deed executed in fraud of the marital rights of the wife, and it was said that the wife might lose her right to relief by long delay in bringing suit after she knew the material facts. The same principle had been previously announced in the case of *Freeman* v. *Hartman*, 45 Ill. 57, and was afterward followed in *Deke* v. *Huenkemeier*, 260 id. 131. In other States it has been held that the inchoate dower interest of a wife is such as entitles

her to redeem from a mortgage in which she has joined. (*Davis* v. *Wetherell*, 13 Allen, 60; *Mackenna* v. *Fidelity Trust Co.* 184 N. Y. 41; *Gatewood* v. *Gatewood*, 75 Va. 407.) A wife need not redeem from a mortgage in which she did not join and which is not an incumbrance on her dower right, but where it is such an incumbrance she has the right to redeem and to maintain a suit for that purpose. Such right is subject to the same limitations as apply to other cases and may be barred by delay in its enforcement.

Counsel for the appellees argue that under the Statute of Limitations of this State all civil actions not otherwise provided for must be commenced within five years after the cause of action accrued, and that this action to enforce a right of redemption, being a civil action not otherwise provided for, should have been begun within five years of the date of the master's deeds. When the legal title had been conveyed, under the decrees of foreclosure, by the execution of master's deeds there was no longer any mortgage or any debt. The grantees in those deeds were not in possession as mortgagees after condition broken but as the owners in fee. There existed in appellant simply a right of redemption, which she might enforce in equity. The statute has fixed a limitation of ten years as the time within which a suit to foreclose a mortgage must be brought. The property has all been conveyed by the purchasers at the master's sales to other parties, while the appellant has taken no action to enforce her right for more than fourteen years. There was nothing to prevent her bringing suit during all this time, and the delay has been such as to defeat her right now to maintain a suit for redemption.

The decree will be affirmed.      *Decree affirmed.*