**Henry A. Klein, Appellant, v. Joseph Mangan and John Toman, Appellees.**

**Gen. No. 40,610.**

MATCHETT, P. J., dissents.

Opinion filed June 30, 1939. Rehearing denied August 9, 1939.

EDWARD R. NEWMANN and IRVING R. SIDEMAN, both of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

WHITTY & McGAH, of Chicago, for appellees; WILLIAM E. MORAN, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

The appeal from the decree in this case was taken directly to the Supreme Court, which, holding that no freehold was involved, transferred the cause to this court. *Klein v. Mangan*, 369 Ill. 645. We take the statement of facts from that opinion:

"The question at issue is whether a judgment creditor of the husbands of the owners of the equity of redemption in real estate (the husbands having joined with their wives in the execution of the mortgage foreclosed) may redeem from a sale under foreclosure within the statutory period allowed judgment creditors.

"Harriet Brody and Minnie Brody were seized of the fee simple title to certain lots in Cook county. These owners, on February 2, 1931, executed their note for $6000 in which their respective husbands, Samuel Brody and Louis L. Brody, joined, and to secure the note they all executed a trust deed conveying the property to a trustee. Default having been made, the trust deed was foreclosed, the premises were sold by the master to the plaintiff (appellant) and a certificate of sale issued to him and recorded, which he still owns. A deficiency judgment was entered against all four of the note makers, and the receiver continued in possession. No one sought to redeem within the initial statutory period of twelve months. On the last day of the succeeding three-months' period within which judgment creditors might redeem, the appellee Joseph Mangan obtained a judgment by confession in the superior court of Cook county against the above named Samuel Brody and Louis L. Brody. An execution was issued thereon, which appellee Mangan placed in the hands of the sheriff together with the sum of $6557.50, being the amount of sale, interest, costs and charges accrued, for the purpose of making redemption of the property from the master's sale under the provisions of section 20 of the Judgment act. (Ill. Rev. Stat. 1937, chap. 77, par. 20, p. 1900.) The sheriff accepted

the money, issued a certificate of redemption which was recorded, and the sheriff then advertised a sale of the premises.

"Appellant filed his complaint against Mangan and the sheriff of Cook county for an injunction restraining the sheriff's sale and praying that the purported redemption be declared void; that the injunction be made permanent; that appellee Mangan be restrained from asserting any right, title, interest or estate in the premises; that the master be directed to issue a master's deed to appellant and that his title to the property be established and quieted from the claims of Mangan or anyone claiming under him, and for general relief. A temporary injunction was granted. After a hearing on the complaint and answer, the trial court decreed that the redemption was valid, dissolved the injunction and dismissed the complaint for want of equity."

That opinion finds that "The interests of Samuel Brody and Louis L. Brody in the premises are those merely of inchoate dower rights. Such a right, prior to becoming consummated by the death of the respective wives, is 'a mere intangible, contingent expectancy, and not only is not an estate in land but does not even rise to the dignity of a vested right.' (*Bennett v. Bennett*, 318 Ill. 193; *Goodkind v. Bartlett*, 136 id. 18.) An inchoate right of dower is not such a right as can be enforced by any proceeding. *Bigoness v. Hibbard*, 267 Ill. 301."

The question thus arises as to what, if anything, could be made subject to levy of an execution in the sheriff's hands, or, is Mangan, a defendant, a "judgment creditor" entitled to redeem under sec. 20, ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.171]. This section in short provides that a judgment creditor may pay off the certificate holder through the sheriff's office, thus leaving the interests of the title holders subject to execution. The sheriff levies the execution but his sale and deed carry only the rights of the par-

ticular judgment debtor against whom the execution runs.

Applying this to the instant case, when the redemption money was received by the sheriff there was nothing upon which the execution could attach. The husbands had no interest in the property subject to execution, and any sale by the sheriff would pass nothing. If the sheriff had sold and given his deed to Mangan and the master had made his deed to plaintiff upon the theory that no redemption had been had, and the opposing titles had been tried in an action of ejectment, the court would have held with the master's deed for the reason that the sheriff's deed conveyed nothing because the judgment debtors had no estate to convey. As counsel for plaintiff correctly says in his brief, "This is the test of the right of the defendant in this case to redeem as a judgment creditor of the owners of inchoate, contingent dower rights in the lands mortgaged. The sheriff's deed would convey only what title the husbands had, and none other, which, it is seen, is nothing. If the sheriff could convey nothing by his deed, the judgment creditor could redeem nothing by his effort to redeem."

Supporting this is *Schroeder v. Bozarth,* 224 Ill. 310, 318, where the husband and wife owned separate tracts of land which they included in a joint mortgage; there was a foreclosure and a judgment creditor of the husband redeemed all of the lands, receiving a sheriff's deed; he went into possession and remained for some 30 years. It was held that the husband had only a life estate in his wife's portion of the property sold and that the deed from the sheriff conveyed only the husband's property and his life estate in his wife's property, the court saying that "while the redeeming judgment creditor was forced to redeem from the foreclosure *en masse,* as the premises were sold under the foreclosure decree in that manner, he only acquired such title by such redemption and re-sale as Asa Bo-

zarth had in and to the lands in controversy, which was a life estate." In *Fischer v. Eslaman,* 68 Ill. 78, title to the premises was vested in two persons as tenants in common; they executed a mortgage which was subsequently foreclosed and the premises sold to the person holding the mortgage; subsequently a judgment was entered against Ralls, one of the tenants in common; execution was issued and the requisite sum of money to redeem was paid to the sheriff, execution levied, the property sold and the sheriff's deed issued. It was held that the sheriff's deed conveyed no interest of the tenant in common with Ralls since the judgment was against Ralls only and the redemptioner merely acquired his interest, becoming a tenant in common with the person to whom the property had been sold by the master, the court saying, "It surely could not be supposed that because a party had a judgment against a particular individual he thereby became a judgment creditor of any and every body else whose property had been sold at master's or sheriff's sales, and had not been redeemed within twelve months. . . . " In *Meyer v. Mintonye,* 106 Ill. 414, there was a foreclosure and after 12 months a redemption by a judgment creditor whose judgment had lapsed. It was held that the redemption sale conveyed no title and the sheriff's deed was void. In *Fitch v. Wetherbee,* 110 Ill. 475, the court, in discussing the question of who might be a "judgment creditor" within the meaning of the act providing for a redemption, said it must be a judgment creditor of a debtor "whose property is the subject of contention among his creditors." All of these cases are based upon the principle that a judgment creditor, to be entitled to redeem from a foreclosure sale must have an execution which may be levied on some tangible interest in the land susceptible of sale under an execution.

Counsel for defendants argue that the right of a judgment creditor to redeem does not depend upon any

lien on the land but that this right is given to any judgment creditor of a mortgagor. Cases are cited in which judgment creditors of "the mortgagor" are entitled to redeem, but examination of such cases shows that invariably the word "mortgagor" is used to describe the owner of the land and not one having a dower interest only. *Bigoness v. Hibbard,* 267 Ill. 301, is cited by defendants. In that case it was held that a widow, who had joined her husband in his lifetime in a mortgage for the purpose of releasing her dower, may redeem from the mortgage "by the payment of the mortgage debt and have her dower in the land." But in that case the dower right had been consummated by the death of the husband.

It is conceded that redemption statutes should be liberally construed, but this does not mean such a construction as will create new rights. It is significant, as stated by counsel for plaintiff, that no case appears in the books holding that a judgment creditor can redeem from sale property in which the judgment debtor has no interest subject to execution.

We hold that Mangan, the judgment creditor, has merely tendered a redemption which restores only an inchoate, possible right, which is no part of the land and which cannot be levied upon; that the tender was inoperative, and that plaintiff was entitled to his deed from the master in chancery.

The decree is reversed and the cause is remanded with directions to the superior court to award a decree to plaintiff in conformity with the prayer of the complaint, and for such further proceedings as are consistent with what we have said in this opinion.

*Reversed and remanded with directions.*

MATCHETT, P. J., dissents.

O'CONNOR, J., concurs.