162 U.S. 411
 16 S.Ct. 802
 40 L.Ed. 1020
 BRYAN
v.
KALES.
 No. 198.
 April 13, 1896.
 
 This was an action of ejectment brought August 12, 1887, in the district court of the Second judicial district of the territory of Arizona, county of Maricopa, by T. J. Bryan against M. W. Kales, to recover possession of a tract of land in that county containing 160 acres. The case was tried by the court, a jury having been waived, and on December 6, 1890, judgment was entered for the defendant, whereupon the plaintiff appealed to the supreme court of the territory of Arizona. In that court the case was heard upon an agreed statement of facts, and the judgment of the district court was affirmed. 31 Pac. 517. The plaintiff then appealed to this court.
 The facts, as they appear in the agreed statement, are substantially as follows:
 On May 26, 1882, one Jonathan M. Bryan, who then owned the S. E. 1/4 of section 2, township 1 N., range 3 E., Gila and Salt River meridian, being the land in controversy in this action, executed to the said M. W. Kales his promissory note for the sum of $5,615, payable May 26, 1883, with interest at the rate of 1 1/2 per cent. a month, and to secure the same, on the said date, he and this wife, Vina Bryan, executed and delivered to Kales a mortgage of all the said land.
 On August 29, 1883, Jonathan M. Bryan died intestate, leaving Vina Bryan, who was his wife at the time he acquired the said property, his widow and sole heir. On September 13, 1883, the said M. W. Kales filed his application for letters of administration in the probate court of the said county, wherein Jonathan M. Bryan resided at the time of his death, and in which the said land was situate, and such proceedings were had thereon that Kales was duly appointed administrator of Bryan's estate on September 24, 1883. He proceeded in the administration of the estate until December 6, 1884, when the administration was closed, and he was discharged from his trust. In such proceedings the said property was not distributed.
 Kales, while he was so acting as administrator, and while he was the owner of the note and mortgage, brought an action in the district court of the territory of Arizona, by a complaint filed October 3, 1883, in which he, M. W. Kales, as plaintiff, sued himself, M. W. Kales, administrator of the estate of Jonathan M. Bryan, deceased, as defendant, asking for judgment upon the note and foreclosure of the mortgage, and for a sale of the land to satisfy the judgment. To that suit Vina Bryan was made a party defendant. On the same day a lis pendens was duly filed in the office of the county recorder of the said county. On October 3, 1883, a summons was duly issued out of the said court, and duly served upon M. W. Kales, administrator, the defendant named in the action; and on the same day a summons was duly issued and served upon the said Vina Bryan. M. W. Kales, ad inistrator, as defendant, made answer on the same day, and admitted each and every allegation of the complaint, and consented that a judgment and decree might be entered in accordance with the paryer thereof; and Vina Bryan, answering the complaint, denied any individual liability on her part to the plaintiff, admitted each and every material allegation in the complaint, in so far as the same did not imply a personal liability on her part, disclaimed all right, title, and interest in the said property in any way conflicting with the mortgage, and prayed to be dismissed.
 Upon a day of the regular term of the said court, Cotober 16, 1883, the said cause came on for trial, and, the same having been tried and duly submitted, the court on that date rendered judgment against M. W. Kales, administrator of the estate of Jonathan M. Bryan, deceased, defendant, in favor of M. W. Kales, plaintiff, for the sum of $5,330.80, entered a decree to foreclose the said mortgage, and ordered that the said property be sold to satisfy the judgment, and that the defendant be barred and foreclosed of all equity of redemption of, in, and to the said property from and after the delivery of the sheriff's deed to the same. On November 10, 1883, an order for the sale of the property was issued out of the court on the judgment, and delivered to the sheriff of Maricopa county for execution, and on December 15, 1883, the sheriff, having advertised the land for sale under the judgment for the time prescribed by law, offered the same for sale to the highest bidder, for cash, and sold the same to the said M. W. Kales for the sum of $4,500, that being the highest price bid, and subsequently executed and delivered to Kales a deed therefor, dated June 19, 1884.
 Afterwards Vina Bryan, the widow of Jonathan M. Bryan, Married one R. D. Brown, and thereafter, namely, on June 29, 1887, she conveyed, by quitclaim deed, in the name of Vina Brown, to T. J. Bryan, the plaintiff in the present action, such interest as she then had in the said land.
 It further appears, by the agreed statement of facts in this case, that Kales paid the said amount for the property, and that such amount was the market value of the same; that, from the date of sale to the time of the commencement of this action, Kales paid $434.88 in taxes, and $3,048.37 for improvements upon the property; that M. W. Kales, the plaintiff in the said suit, was the same person as M. W. Kales, administrator, the defendant therein; that, at the time of the commencement of the present suit, the defendant was in possession of the property; that no part of the property was sold by the said administrator in the course of his administration; and that the note and mortgage executed to Kales were not paid or satisfied in any way, unless by the said sale.
 W. A. McKenney, for appellant.
 A. H. Garland and R. C. Garland, for appellee.
 Mr. Justice SHIRAS, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 Whether the judgment in the case of Kales v. Kales, Administrator of the Estate of Jonathan M. Bryan, was void, because of the alleged fact that the plaintiff, suing as a creditor of the estate to foreclose a mortgage, was the same person who, as defendant, represented the estate; whether the judgment was open to attack collaterally; and whether Mrs. Vina Brown, who was the widow and sole heir of Jonathan M. Bryan, was estopped from assailing the judgment by reason of having appeared and answered in the foreclosure suit, acknowledging the debt, and consenting to the sale,—are questions which we deem it unnecessary to determine. There was another ground of defense, so conclusive and free from difficulty that we prefer to place upon it our judgment affirming that of the court below.
 
 
 2
 It is admitted that the defendant below was a mortgagee in possession, with his debt past due and unpaid. The plaintiff was not offering to redeem, and had not tendered payment of the debt, but stood on the bare legal title, subject, if the foreclosure proceedings were void, to the lien of the unpaid mortgage, and to the right of the mortgagee to retain possession until his debt was paid. This is the English doctrine, and it prevails generally in the United States. Birch v. Wright, 1 Term R. 378; Simpson v. Ammons, 1 Bin. 176; Hill v. Payson, 3 Mass. 559; Parsons v. Wells, 17 Mass. 419; Brobst v. Brock, 10 Wall. 519. And such, as we learn from the opinion of the supreme court of the territory of Arizona in the present case, is the law of that territory.
 
 
 3
 The judgment of the supreme court of the territory of Arizona is accordingly affirmed.