## WALDOCK v. ATKINS.

No. 7499—Opinion Filed June 20, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 587.)

**1. Process — Service by Publication — Restraining Order—"Provisional Remedy."**

A temporary restraining order, while a provisional remedy, is not such a remedy as contemplated by section 4722, Rev. Laws 1910, allowing service by publication in actions brought against a nonresident of the state having in this state property or debts sought to be taken by any of the provisional remedies, or to be appropriated in any way.

**2. Courts — Jurisdiction—Nonresident — Defendants—Seizure of Property.**

In the absence of a seizure of property or debts upon which the judgment of the court is to operate, power to render any judgment is lacking. The mere fact that there is property belonging to the nonresident defendant within the jurisdiction of the court is not sufficient to give the court jurisdiction. The property must be taken by one of the provisional remedies or sought to be appropriated by some process of the court.

(Syllabus by Rittenhouse, C.)

Error from District Court, McCurtain County; C. E. Dudley, Judge.

Action by J. W. Atkins against A. J. Waldock. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. E. McPherren and C. B. Cochran, for plaintiff in error.

John Cocke and J. M. Willis, for defendant in error.

Opinion by RITTENHOUSE, C. On September 4, 1912, J. W. Atkins, a nonresident of the state, obtained judgment against A. J. Waldock in the district court of McCurtain county in the sum of $7,216.93. On November 19, 1913, A. J. Waldock sued J. W. Atkins in the same court, asking judgment in the sum of $45,000 upon two separate causes of action and further alleges:

"That plaintiff further states that the defendant has a judgment against the plaintiff in this court in the case of J. W. Atkins v. A. J. Waldock, and that the same appears upon the judgment dockets, * * * in the sum of $7,216.93; that the defendant is a nonresident of the state of Oklahoma, and has no property other than the said judgment out of which a judgment obtained in this action could be satisfied; that all the matters and things herein pleaded occurred in this state; that unless restrained from so doing the defendant. J. W. Atkins, will assign the said judgment and defeat the plaintiff's recovery herein by preventing the appropriation of the said judgment to the payment of the judgment obtained herein. The plaintiff further states that, while the said defendant obtained said judgment against said plaintiff,

the said defendant is now justly indebted to this plaintiff in the sum in excess of the amount of the said judgment; that unless the defendant be restrained from so doing he will have an execution issued out of this court upon the said judgment, and attempt to take this plaintiff's property to satisfy the said judgment before this case can be heard and determined in this court, and the said judgment so appropriated, to the damage of this plaintiff, and to the total defeat of the plaintiff's right herein. Wherefore the plaintiff asks this court to enjoin the defendant, J. W. Atkins, from assigning the said judgment in case No. 482, and to enjoin the issuance of an execution upon the same until this case is heard and determined, and that the plaintiff have judgment herein for the sum of $45,000, costs herein expended, and other proper relief."

An attempt was made to secure service by publication under that portion of section 4722, Rev. Laws 1910, which allows service by publication in an action brought against a nonresident of the state or foreign corporation having in this state property or debts owing them, sought to be taken by any of the provisional remedies or to be appropriated in any way. After the notice had been published, which in the instant case was defective, because it did not state the nature of the judgment which would be taken, the plaintiff filed another affidavit as follows:

"A. J. Waldock, the plaintiff in. the above case, being duly sworn, on oath states: That he is the plaintiff in the above cause, and that heretofore he filed in the district court of McCurtain county, Okla., a petition against the defendant, J. W. Atkins, to recover the sum of forty-five thousand dollars ($45,-000.00) as being due from the defendant, J. W. Atkins, and the plaintiff, A. J. Waldock, further states that the defendant, J. W. Atkins, has a judgment against the plaintiff in the district court of McCurtain county, Okla., in the sum of seven thousand two hundred and sixteen and 93/100 dollars ($7,216.93), and that it is the purpose of this suit to appropriate the said judgment in satisfaction of the recovery herein as a debt owing to the defendant J. W. Atkins. That the said defendant, J. W. Atkins, is a nonresident of the state of Oklahoma, and is a resident of Shreveport, in the state of Louisiana. That the defendant. J. W. Atkins, is at this time out of the state of Oklahoma, and McCurtain county, Okla., and that service of summons cannot be made on the said defendant in the state of Oklahoma, or in McCurtain county, with due diligence, for the reason that the said defendant, J. W. Atkins, is at this time without the said state and is a nonresident of the state. That the said defendant has property within the county of McCurtain, state of Oklahoma, and that this plaintiff is seeking to subject the said property and take the same in satisfaction of the plaintiff's debt herein sued for and under the judgment

of the court in this action, as is provided in section 4722 of the Revised Laws of Oklahoma. That the plaintiff asks that a summons be issued, directed to the defendant, J. W. Atkins, and made returnable as provided in section 4727 of the Revised Laws of Oklahoma."

An attempted service was then made upon the defendant, pursuant to section 4727, supra, which provided that such service shall have the same effect and force as service obtained by publication, and no other or greater force or effect. An application was made to the judge of the district court of McCurtain county, asking that a temporary restraining order be issued, restraining the defendant from assigning the judgment of $7,216.93, or causing execution to be issued upon such judgment until the further order of the court, which order was made upon condition that a bond be executed and approved in the sum of $1,000. On May 5, 1915, J. W. Atkins filed a motion to quash service of summons, for the reason that the same was insufficient to confer jurisdiction upon the court. The motion was sustained, and this proceeding is brought to review that order.

Section 4727, Rev. Laws 1910, is a substitute for service by publication under section 4722 et seq., Rev. Laws 1910, same being purely statutory, and must be supported by affidavit as provided by section 4723, enumerating one or more of the grounds for service by publication as provided by section 4722, supra. The affidavit in the instant case states that the defendant was a non-resident of the state, having property or debts in this state sought to be taken by one of the provisional remedies or to be appropriated in some manner. It is urged that the temporary restraining order which was issued in this case is a provisional remedy. In this we agree, but it is not such a provisional remedy as contemplated by the statute under consideration. The provisional remedies which will allow service by publication are those remedies by which property or debts can be seized or taken. A restraining order could only restrain or enjoin the disposition of property or debts. It could not be used for the purpose of seizing or taking the same. The provisional remedies referred to in the statute are those remedies which allow the taking and seizing of property, such as attachment and garnishment.

But it is insisted that, if the temporary restraining order is not one of the provisional remedies contemplated by the statute, the action was one to take and appropriate the judgment debt due from the plaintiff to defendant to the payment of the demand sued upon in this action. In the absence of a seizure of property or debts upon which the judgment of the court is to operate, power to

render any judgment is lacking. The mere fact that there is property belonging to the nonresident defendant within the jurisdiction of the court is not sufficient to give the court jurisdiction. 12 Enc. Pleading & Practice, 145. The property must be taken by one of the provisional remedies, or sought to be appropriated by some process of the court. In Central Loan & Trust Co., v. Campbell Commission Co., 5 Okla. 396, 49 Pac. 48, it is said:

"* * * Where there has been no personal service in an action, and no property of the defendant seized under an attachment, and no property or credits belonging to the defendant reached by an order of garnishment, the court has acquired no jurisdiction. There being neither a service upon the defendant, nor any seizure of his property, there is nothing for the jurisdiction to rest upon, and any proceedings taken in the cause are coram non judice and void, and the cause must be dismissed."

In 12 Enc. Pleading & Practice, 146, it is said:

"The basis of the jurisdiction of proceedings in rem and quasi in rem is the seizure of the property upon which the judgment is to operate, and such jurisdiction cannot be acquired, except by lawful seizure."

And since the proceedings to procure service do not affirmatively show a seizure or taking of property, upon which jurisdiction could rest, the attempted service is void, and the court properly sustained the motion to quash.

The judgment should therefore be affirmed.

By the Court: It is so ordered.