## HOWARD v. BERRYMAN et al.

No. 19419.   Opinion Filed May 27, 1930.

C. B. Leedy and L. F. Moyer, Jr., for plaintiff in error.

Madden, Adkins & Pipkin and O. L. Aley, for defendants in error.

REID, C. The petition of the plaintiff, Ernest C. Howard, alleged that he resided in Ellis county, Okla.; that the defendant J. W. Berryman was a nonresident and not within the state; that the defendant G. E. Davidson was the managing agent of and had charge of the business of Berryman in said county; that Berryman, by said managing agent, had built a fence inclosing a pasture of approximately 12,000 acres of land in said county, and that plaintiff was the owner of 480 acres of land within such inclosure, which land he was financially unable to fence; that Berryman, through his

said agent, had turned about 700 head of cattle into said pasture, and such cattle had destroyed and were continuing to destroy the grass, hay, and forage on said land, and defendants had refused to pay the plaintiff his damages therefor and remove the cattle from trespassing on the land; that plaintiff had no adequate remedy at law. He prayed for an injunction against each of the defendants to restrain their further acts in pasturing his land in the manner complained of.

Summons was issued directed to each defendant, and was served on Davidson in Ellis county, but the return showed that Berryman was not in the county. The court sustained a demurrer directed by Davidson against the plaintiff's petition, and without amending the plaintiff stood on his petition. The plaintiff then filed an affidavit alleging that Berryman was not in Ellis county, but was a nonresident living in Ashland county, Kan., and personal service of summons on Berryman was obtained in Kansas, apparently as provided in section 255, C. O. S. 1921. Berryman appeared specially and moved the court to quash the summons as to him. This motion was sustained on April 6, 1928, and thereupon the plaintiff gave notice of appeal and lodged his appeal here on June 5, 1928.

The plaintiff first contends that the court erred in sustaining the general demurrer of Davidson to plaintiff's petition. In that connection it is suggested by the adverse party that we cannot consider this assignment for the reason that no appeal from the order came to this court within time; the order sustaining the demurrer having been made on October 4, 1927.

The order sustaining the demurrer was a final order from which an appeal would lie. Section 780, subd. 1, C. O. S. 1921.

The proceeding to review such an order must be begun in this court within six months from the date of the order. Section 798, C. O. S. 1921; Morrison v. W. L. Green Commission Co., 61 Okla. 287, 161 Pac. 218; Holland v. Beaver, 29 Okla. 115, 116 Pac. 766; Rhome Milling Co. v. Farmers' & Merchants' National Bank of Hobart, 40 Okla. 131, 136 Pac. 1095.

We must decline to consider this assignment for the reason that if the plaintiff desired to test the correctness of the order sustaining the defendant's general demurrer to his petition, it was his duty to file in this court his appeal therefrom within six months from the time the order was made.

The plaintiff next urges the proposition that the court erred in quashing the summons or process served on the defendant Berryman, on the motion of that defendant. And the defendant replies that this was not error, for the reason that the court could not acquire jurisdiction of him in an action brought solely for injunction, as he was a resident of the state of Kansas and was actually served with the process in that state.

The Supreme Court of the United States, in the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, in an exhaustive opinion, announced the fundamental rules applicable to this question in the following language:

"Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a nonresident is ineffectual for any purpose. Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability."

It is our duty to so do, and we have recognized the authority of the rule thus announced by the highest court authorized to speak on the question. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

In the case of Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759, the suit was brought to enforce the individual liability of Howell as a stockholder in an insolvent corporation by motion filed in the district court, and service of the motion was had upon Howell

in Illinois. He appeared specially and moved the court to set aside the service. The motion was overruled by the trial court, but the Supreme Court, in passing upon the question, reversed the case, using this language:

"The notice here required is to advise the defendant of the pendency of the proceeding and bring him into court. It therefore serves the same purpose as original process, and is necessary to give the court jurisdiction of the defendant. It is immaterial whether the original process is called a summons, a subpoena, or a notice. Whatever its name, it must be treated as a process of the court, and in cases of this character its proper service is essential to the jurisdiction of the court. An examination of the statutory provisions relating to the service of original process will show that in all cases and proceedings where jurisdiction of the person of the defendant is necessary, service of such process can only be made within the boundaries of the state. It is true that there are cases where service of process is authorized to be made upon persons beyond the limits of the state (section 76, Civil Code); but it will be seen that there are cases in the nature of actions in rem where the jurisdiction depends upon the possession of the property seized, or the control of the thing which is the subject of controversy, and not upon the person of the defendant; and the judgment to be rendered in such cases can operate on nothing except the property or thing which gives the court jurisdiction, nor can a general execution be issued thereon."

The remedy of injunction is strictly in personam. The decree operates and is enforceable against the individual, and not against property. 14 R. C. L. 307; I Joyce on Injunctions, sec. 1; Kerr on Injunctions (5th Ed.) p. 11. In 32 C. J. p. 83, we find the applicable rule stated in this language:

"An injunction operates in personam and it will not issue against one not within the jurisdiction of the court."

In the case of Armstrong v. Kinsell (N. C.) 80 S. E. 235, the court states the rule in the syllabus in this language:

"Since an injunction can usually have no effect except in personam, an injunction against a nonresident is improvident"

—and the opinion cites several authorities to sustain the holding.

In the recent work entitled "The Law of Injunctions," by Lewis and Spelling, the authors, at page 19, have this to say on the question:

"Jurisdiction to grant and enforce injunctions does not extend beyond the state in which the application is made. Jurisdiction is only coextensive with the limits of the state. State courts cannot legally send their process into other states. If the exercise of such a jurisdiction were attempted and an injunction granted to operate in another state, and it should be disobeyed by persons in the other state, the court issuing the injunction would be powerless to enforce the injunction by attachment, and hence the effort to exercise such power would be readily defeated."

However, what we have said on this question is largely argumentative, for the reason that this court has already passed on the question adversely to plaintiff's contention in the case of Waldock v. Atkins, 60 Okla. 38, 158 Pac. 587. In that case Atkins, a nonresident, had obtained a judgment in the district court of McCurtain county against Waldock. And thereafter Waldock brought a suit in the same court against Atkins asking judgment for a large amount, and, further, for injunction restraining Atkins from transferring his judgment against Waldock or issuing execution thereon. It appears that service of summons was obtained upon Atkins in that proceeding in the manner done in this case. The trial court sustained Atkins' motion to quash the service of summons, and on appeal this court affirmed the judgment, holding that injunction would not lie against Atkins under such circumstances.

The judgment of the trial court should be affirmed, and it is so ordered.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur

By the Court: It is so ordered.

Note.—See "Appeal and Error," 3 C. J. §1035, p. 1043, n. 26. "Injunctions," 32 C. J. §69, p. 83, n. 51; §504, p. 309, n. 92.