### BROWN et al. v. STATE NAT. BANK OF SHAWNEE et al.

No. 21713. Feb. 20, 1934.

Charles A. Chandler and Elliot D. Turnage, for plaintiffs in error.

Goode, Dierker & Goode, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Pottawatomie county in favor of the defendants in error, as the defendants, against the plaintiffs in error, as the plaintiffs. The parties will be referred to as they appeared in the trial court.

The record shows that the defendant State National Bank of Shawnee brought an action against Sam Brown and Silvia Brown in the superior court of Pottawatomie county to foreclose a mortgage which had been given to the bank upon certain real estate; that, in 1923, after default in the mortgage and prior to the foreclosure thereof, the bank went into possession of the property with the consent of the mortgagors; that thereafter the bank became the purchaser at the foreclosure sale; that an appeal to this court was taken from an order of the trial court refusing to set aside the foreclosure sale; that while the cause was pending in this court, Sam Brown died and the cause was revived; that this court reversed the judgment of the trial court (Brown v. State Nat. Bank of Shawnee, 133 Okla. 173, 271 P. 833), and that the plaintiffs, heirs of Sam Brown, brought this action in the district court of Pottawatomie county.

The original petition is not shown by the record in this case. The plaintiffs attempted to state three causes of action in their amended petition. The first was an action to quiet title; the second was an action in ejectment, and the third was for damages for unlawful possession of the property.

The demurrers of the defendants were sustained by the trial court as to the second and third causes of action therein. The plaintiffs contend herein that the trial court erred in sustaining those demurrers.

The order of the trial court sustaining those demurrers was entered on July 16, 1929. No request was made for time to amend and no amendment was made or further proceedings had. The order sustaining the demurrers became final. The case-made herein was filed in this court on September 16, 1930, more than one year after the order sustaining the demurrers became final. Appeals from final orders and judgments must be commenced within six months from the date of the rendition thereof. Section 547, O. S. 1931. This court cannot consider the error, if any, that was committed in sustaining the demurrers. Rhome Milling Co. v. Farmers' & Merchants' Nat. Bank, 40 Okla. 131, 136 P. 1095; Morrison v. W. L. Green Commission Co., 61 Okla. 287, 161 P. 218.

The defendants answered the first cause of action and prayed for possession of the land and that their title thereto be quieted.

When the plaintiffs had concluded their testimony, the defendants demurred to the evidence and the demurrers were sustained. The defendants introduced their testimony and the trial court rendered judgment in favor of the defendants. The plaintiffs appealed to this court. The plaintiffs contend that there was error in that judgment of the trial court.

The decision of this court on the former appeal was that the judgment in the foreclosure proceedings was void. The cause was remanded to that court, with directions to vacate that judgment. The holding was based on the inclusion in the judgment of a provision for a sale without appraisement when there had been no waiver of appraisement. Under that record it cannot be contended that the deposit with the court clerk by the plaintiffs in this case constituted a satisfaction of the judgment, for there was no judgment to be satisfied, and since the defendants had no notice of that deposit and no tender thereof was made to them, we find and hold that there was neither satisfaction of a judgment nor tender to the defendants of the amount due on the note, prior to the filing of this action.

The defendants in this action are mortgagees in possession, and the plaintiffs in this action cannot maintain an action in

ejectment against them, to quiet their title, or for damages. Their remedy is redemption of the property from the mortgage, as authorized by section 10954, O. S. 1931. There was no error of the trial court in sustaining the demurrers to their evidence. That portion of the judgment of the trial court is in all things affirmed.

The defendants contend that the right to redeem and the right to foreclose are reciprocal (Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041) ; that their right to foreclose had been barred by the statute of limitations, and that the right of the plaintiffs to redeem had been barred by the statute of limitations. That theory is erroneous for the reason that the right of the defendants to foreclose has not been barred by the statute of limitations. An action to foreclose was instituted and is now pending. The fact that in the foreclosure proceedings the trial court rendered an erroneous judgment, and the fact that this court on appeal ordered that that judgment be reversed did not operate as a dismissal of that action. In so far as this record shows, that action is yet pending. Since that action was commenced in time and is now pending, the right to foreclose has not been barred, and since the right to foreclose has not been barred, the right to redeem has not been barred.

The defendants contend that the statute of limitations has run in that the sheriff's deed had been recorded more than five years prior to the filing of the amended petition. It had not been recorded five years prior to the commencement of the present action. We cannot say from the record that any statute of limitation bars this action, even though we should hold that the time during which the first appeal was pending in this court could be considered as a part of any statutory period of limitation, a question concerning which we express no opinion. The decision in Turk v. Page, 68 Okla. 275, 174 P. 1081, is not applicable to the facts shown by the record in this case, for this record shows that the defendant bank did not enter into possession of the mortgaged premises under a claim of title in itself. It entered under a claim of a mortgage, by agreement with the mortgagors, and it proceeded with its foreclosure for the purpose of establishing its first mortgage as superior to a second mortgage held by another bank.

The record shows that the defendant bank went into possession of the property in 1923, and that it remained in possession thereof until January, 1929, at which time some of the plaintiffs in the nighttime moved onto the land, which had been leased by the bank to a tenant, while the tenant was in possession but not personally on the premises. It is possession obtained under those circumstances on which the plaintiffs rely to justify their claim of a right to have the title quieted in them.

Under the facts shown by the record, there was no error in the portion of the judgment putting the defendants in this action in possession of the land. They are entitled to possession thereof until such time as the property is redeemed. Page v. Turk, 43 Okla. 667, 143 P. 1047; Bryan v. Kales, 162 U. S. 411, 40 L. Ed. 1020, 16 S. Ct. 802.

The trial court was in error, however, in quieting the title of the defendants to the land in question. That portion of the judgment of the trial court is reversed and the cause is remanded to that court, with directions to vacate that portion thereof and to permit the plaintiffs to redeem the land from the mortgage, the defendants to remain in possession of the land until redemption or foreclosure, and in the event of foreclosure, the purchaser at the foreclosure sale to have possession thereof.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BAYLESS, JJ., concur.