## THOMPSON et al. v. THOMPSON et al.

No. 28166. Nov. 22, 1938.

Rehearing Denied Jan. 17, 1939.

Fred W. Martin, for plaintiffs in error.

Watts & Watts, for defendants in error.

CORN, J. This is an appeal from the district court of Wagoner county. The parties appear as in the court below, and we shall hereafter refer to them as plaintiffs and defendants, respectively.

November 12, 1936, plaintiffs filed an action to cancel a deed, recover money judgment, and for a declaration of trust in personal property. The petition set forth that the land had been conveyed to defendants to avoid possibility of being levied upon if a judgment should be rendered against plaintiff B. E. Thompson in an action then pending, under agreement that defendants should reconvey the land back. Further, that plaintiffs executed a quitclaim deed to defendants in order that a loan might be obtained on the property. the proceeds to be used in plaintiffs' behalf, but that defendants had retained the money and expended it for their own benefit.

At the trial, December 29, 1936, the court sustained defendants' motion to dismiss plaintiffs' action as to the land, which the court did on the theory plaintiffs had come into equity with unclean hands. However, the court allowed plaintiffs to amend their petition to state a cause of action for $1,500 for money loaned defendant.

February 4, 1937, the court heard the case on such amended pleadings and rendered judgment for plaintiffs for $300, although ruling that certain amounts claimed as due were barred by the statute of limitations. The court then rendered a judgment in the entire cause. On February 5, 1937, motion for new trial was filed, but an order overruling same was not entered until June 2, 1937. September 27, 1937, plaintiffs appealed from the court's judgment as to the money judgment.

After appeal was lodged, defendants' tenant left the property and plaintiffs took possession and on December 15, 1937, defendants applied to the district court for injunction and citation of contempt. Plaintiffs objected to jurisdiction, but were overruled and then sought a writ of prohibition in this court to prevent trial court from hearing defendants' application on the theory the district court had no jurisdiction over the land. The application for prohibition was denied, and plaintiffs have also appealed from the judgment of the district court regarding the injunction.

December 17, 1937, defendants filed an application for correction of case-made and for order nunc pro tunc to show the action as to the land had been dismissed December 29, 1936, and not February 4, 1937, as recited in journal entry, and the court entered its nunc pro tunc order so showing.

Plaintiffs present five propositions as grounds for reversal of the judgment of the trial court. Three of these will not be considered further than is necessary to determine the status of the appeal in this court regarding the question of the land.

The first question to be decided is whether the trial court's order of December 29, 1936. dismissing plaintiffs' action as to the land, was appealable, and whether by failing to appeal therefrom plaintiffs lost their right of appeal.

64 C. J. 371, sec. 366, states:

"A motion for dismissal or nonsuit on the grounds of failure of proof is in the nature of a demurrer to the evidence. It is, in effect, a demurrer to the evidence, and in some jurisdictions it takes the place of a demurrer to the evidence under the ancient common law rules. It is governed by practically the same rules as a demurrer to the evidence. * * *" Citing Lyon v. Lyon, 39 Okla. 111, 134 P. 650.

The effect of sustaining defendants' motion to dismiss as to the land involved was, therefore. in the nature of sustaining a demurrer to the evidence and dismissing the cause of action, and was therefore a final judgment, which has been defined by this court as being:

"An order affecting a substantial right in an action when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be

vacated, modified or reversed, as provided in this article." Section 529, O. S. 1931 (12 Okla. Stat. Ann. sec. 953).

In plaintiffs' original petition they asked (1) to cancel a deed; (2) to declare a trust in personal property; (3) for money judgment. After hearing plaintiffs' evidence, the trial court, on December 29, 1936, dismissed the action, as to the land, with prejudice, and told plaintiffs they could amend their pleadings and proceed with their cause to determine whether there was any debt owed them.

This the plaintiffs elected to do, and amended their petition and proceeded on the theory that defendants were indebted to plaintiffs and had agreed to mortgage the land and give the proceeds of the loan to plaintiffs to satisfy the debt owed them, but that they had failed and refused to do this. The amended petition did not purport to be based upon the alleged conveyance in trust.

Consideration of the record, therefore, shows the plaintiffs **entirely** abandoned their theory of a trust in the land, and elected to pursue an entirely new remedy, based upon the theory outlined above, wholly abandoning their original action.

Thus, it is to be seen that when the plaintiffs accepted the dismissal of the cause of action as to the land, and by failure to appeal from the court's judgment, it became final.

Inasmuch as the decisions of this court are that sustaining a motion to dismiss has the effect of a demurrer to the evidence, we hold the trial court's judgment was a final order, from which the plaintiff could have appealed. See Brown v. State National Bank of Shawnee, 167 Okla. 366, 29 P.2d 955; Howard v. Berryman, 143 Okla. 258, 288 P. 605; Southwestern Natural Gas Co. v. Vernor, 178 Okla. 344, 62 P.2d 1262, and cases therein cited.

Neither do we find any merit in the argument urged by plaintiffs in their reply brief, that by entering the nunc pro tunc order the trial court split his judgment into two judgments and thereby deprived plaintiffs of time for appeal. The trial court rendered judgment on December 29, 1936, as to the land, but incorporated this judgment into the journal entry of judgment of February 4, 1937.

The record reveals defendants, on December 15, 1937, made application to the district court for injunction and citation for contempt against the plaintiffs, and upon hearing the matter the trial court granted the injunctive relief sought. By reason of having already determined the litigation as to the land was brought to a close and that the court's judgment therein was final, we conclude that the trial court was entirely without authority in attempting to exercise jurisdiction over the land and grant injunctive relief, this having already passed from the court's jurisdiction with rendition of final judgment. For this reason we are of the opinion the portion of the judgment of the trial court purporting to grant an injunction against the plaintiffs was erroneous and such portion should be, and is, set aside.

The plaintiffs further alleged error in the trial court's failure to render judgment against the defendants for more than $300. It was the defendants' contention the greater portion of the money claimed to be due was barred by the statute of limitations. The record shows numerous exhibits in the form of checks, upon which the defendant Charles A. Thompson allegedly received the money. However, with the exception of three such checks, it was not proved that the defendant received the money therefrom, although the dates of the checks ranged over a period of years, during which time the plaintiffs were aiding defendants.

There was a sharp conflict in the evidence regarding the exact amount of money owed by the defendants. The trial court heard this testimony and undoubtedly based his finding as to the amount upon the fairest basis of computation possible under the conflicting testimony given.

We have examined the record and conclude that the amount of the judgment rendered by the trial court was fair and proper and that the trial judge did not commit error in failing to render judgment for a larger amount than that given. That portion of the judgment relating to the amount of money to be recovered is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and HURST and DAVISON, JJ., concur. RILEY, WELCH, PHELPS, and GIBSON, JJ., absent.