BARKER et al. v. DANIELS, Adm'r.

No. 31950. Sept. 18, 1945.

161 P. 2d 854.

George Paschal, of Tulsa, for plaintiffs in error.

J. B. Underwood, of Tulsa, for defendant in error.

ARNOLD, J. On February 9, 1943, the county court of Washington county entered a decree in probate cause No. 2725, In the Matter of the Estate of Samuel W. Daniels, deceased, revoking the letters of Samuel William Daniels as administrator of said estate, discharging said administrator and ordering the administration of said estate closed. Thereafter, on February 14, 1944, on motion of the administrator and after a full hearing, said county court entered its order vacating and setting aside its former decree of February 9, 1943. From this order certain heirs of the decedent, plaintiffs in error here, appealed to the district court of Washington county, and on May 4, 1944, that court dismissed the appeal for lack of jurisdiction on the ground that the order appealed from is not an appealable order. From this judgment and order of the district court, this appeal is prosecuted.

This appeal is by petition in error and transcript, and appellee has filed a motion to dismiss because of the alleged insufficiency of the court clerk's certificate to the transcript. This motion might well be sustained, but we prefer to base our decision on a firmer ground.

The judgment of the district court dismissing the appeal for lack of jurisdiction was evidently based on the provisions of 58 O.S.A. § 721, the language

of which, material to be considered here, reads:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:

"1. Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship . . .

"8. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

This judgment simply left the administration proceedings pending in the county court. It did not affect any substantial right of any one interested in the estate and was therefore not a final order as defined by 12 O.S.A. § 953. This court is therefore without jurisdiction to review this order of the district court by reason of the express limitations on its jurisdiction as set out in 12 O.S.A. § 952, which reads:

"The Supreme Court may reverse, vacate or modify judgments of the district, superior or county court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior or district court, or a judgment thereof:.

"First. A final order;

"Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction; grants or refuses a new trial; or confirms or refuses to confirm, the report of a referee; or sustains or overrules a demurrer;

"Third. An order that involves the merits of an action, or some part thereof."

Richardson v. Thompson et al., 40 Okla. 348, 138 P. 177; Kenney v. Neumeyer et al., 171 Okla. 1, 41 P. 2d 869.

In the last above-cited case it is said in the first paragraph of the syllabus:

"The court of its own motion should determine its jurisdiction, although such jurisdiction is not questioned by either party."

Appeal dismissed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.