**Fred A. CHAPMAN, Petitioner,**

v.

**Howard PHILLIPS, Judge of the District Court of McCurtain County, Oklahoma, Respondent.**

No. 36539.

Supreme Court of Oklahoma.

March 1, 1955.

John Poindexter, Ardmore, and Tom Finney, Idabel, for petitioner.

Geo. T. Arnett and Ed R. LeForce, Idabel, for respondent.

BLACKBIRD, Justice.

This is an original proceeding for a writ of prohibition to prevent the respondent District Judge or Court from trying Cause No. 14421, filed in said Court by one E. H. King, as plaintiff, and now pending there, against the applicant or plaintiff herein. The applicant and said District Judge will hereinafter be referred to as petitioner and respondent, respectively.

Some of the facts which constitute the background of the present controversy (as alleged in the pleadings herein) are substantially as follows: Petitioner and one, T. C. Butts, a resident of Red River County, Texas, which is directly across the Red River from McCurtain County, Oklahoma, are plaintiff and defendant respectively in an action brought by petitioner in the District Court of that Texas county, to enjoin the said Butts from trespassing upon, or removing timber from, certain land pe-

titioner claims to own in said county, and for damages on account of Butts' alleged trespassing upon said land and removal of said timber. Apparently the land on which the timber has grown was on the Oklahoma side of said river until a recent change in the river's course placed it on the Texas side. King, who sold and assigned the timber to Butts, claims to have been the owner of the land before the river changed its course when there was no question about its being in McCurtain County, Oklahoma, and he still claims to be the land's owner despite the shift in the course of the river.

The above substantially describes the way matters stood when King instituted the aforesaid cause, No. 14421, in Oklahoma's McCurtain County District Court, to permanently enjoin Chapman, the petitioner herein, from further prosecuting the Red River County, Texas, suit against Butts, and from bringing any other suit in any court in Texas, or anywhere else, against either Butts or King affecting said land or seeking damages against either their trespassing thereon or removing timber therefrom. Chapman, a resident thereof, was served in Carter County, Oklahoma, by a summons issued in the McCurtain County action. Thereafter, in said Cause No. 14421, he challenged the jurisdiction of the court over his person by a proper pleading filed therein on the theory that the court had no such jurisdiction because the cause of action alleged against him therein is a personal and transitory one whose venue is properly in the county of his residence, rather than in McCurtain County. When the respondent District Judge overruled his said plea to the jurisdiction of said court and ordered him to plead to King's petition, Chapman filed the present proceeding in this court.

The controlling question herein is the same as the one petitioner raised in the McCurtain County action, namely: Was said action a local or transitory one? The first section (Sec. 131) of our statutes with reference to the venue of actions, Tit. 12 O.S.1951 §§ 131–140, both inclusive, deals with so-called "local" actions, or those which must be brought in the county in which their subject is situated. The causes of such actions named therein all deal with real property, or some interest therein, and those, which in some manner, concern the title thereto. Then follow sections dealing with causes of action affecting the title to realty in two or more counties, actions for the recovery of fines or penalties, those against public officials and their bondsmen, divorces, annulments and many other particular types of action unnecessary here to mention. These are followed by sec. 139, whose first provision is: "Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; * * *." Respondent contends that the venue of Cause No. 14421, supra, is properly in the District Court of McCurtain County, under sec. 131, supra, because the petition of King, the plaintiff therein, alleges a cause of action included within the same general class of actions described in the first subdivision of said section as those "For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest." Petitioner denies this and asserts that the cause of action King alleged, being for an injunction is purely personal and transitory, and the venue of the action is controlled by the above quoted section 139, which requires it to be brought in Carter County where he, the defendant therein, resides. With petitioner we must agree. King's petition in Cause No. 14421, supra (as described in the pleadings and briefs filed herein) asserts neither a cause of action for the recovery of realty, nor any estate or interest therein, nor is it brought for the determination of any such right or interest in any form. Furthermore, if the injunction prayed for therein were granted, it would in no way settle or affect the title to the land. While it is true from what we are told of the allegations in King's petition in said McCurtain County case, some of them might be interpreted as raising a question as to whether the land is in McCurtain County, Oklahoma, and belongs to him, or is in Red River County, Texas, and belongs to Chapman, the remedy he there seeks is not to have such question of title determined

therein, but to have Chapman enjoined from further prosecuting the Texas action and filing any future action against him on the same cause of action or one similar to the one Chapman is said to have alleged in the Texas suit. Nor can this conclusion be changed or affected by the request set forth in the last paragraph of respondent's brief that this court consider the prayer of his petition in the McCurtain County action as amended to pray for all the relief to which the facts therein set forth would entitle him. Said petition was not attached to, nor portrayed in, the pleadings or briefs filed herein, but from what we are told of it, it does not purport to deraign King's title nor to set forth any sufficient basis for a determination of any right or interest he may have in any real property.

In support of his position respondent cites Sinclair Prairie Oil Co. v. District Ct. of Oklahoma County, 180 Okl. 455, 70 P.2d 94, and excerpts from Dowdle v. Byrd, 201 Ark. 775, 147 S.W.2d 343; Neet v. Holmes, 19 Cal.2d 605, 122 P.2d 557; Whalen v. Ring, 224 Iowa 267, 276 N.W. 409; Ophir Silver Mining Co. v. Superior Ct. of San Francisco, 147 Cal. 467, 82 P. 70, and 32 C.J., Injunctions, sec. 466. None of these authorities are in point. A complete reading of these authorities, supporting the proposition that the venue of the action is in the county where the realty lies, reveals they involved the determination of a right or interest in such realty or the prevention of a direct injury to such right or interest, as for instance, the taking of oil and gas or some other mineral therefrom. The acts, from the doing of which King sought to restrain or enjoin petitioner in the McCurtain County action are nothing of that sort. Petitioner's prosecution of the Texas law suit is not claimed to constitute any injury or threatened injury or depletion of any realty, or interest therein. On the basis of the well-recognized distinctions between transitory actions (including those brought to invoke the injunctive powers of the court, against the person of a defendant to prevent some act not constituting any direct injury to realty or interest therein) and local actions, where realty or a right to or interest therein

is affected, we can but conclude that Cause No. 14421, is a transitory action, and, under Tit. 12 O.S. 1951 § 139, supra, could properly be brought only in Carter County where the petitioner herein resides. See Pace v. Ott, 189 Okl. 230, 115 P.2d 253; Mills v. District Ct. of Lincoln County, 187 Okl. 247, 102 P.2d 589; Howard v. Berryman, 143 Okl. 258, 288 P. 605, 69 A.L.R. 1035; Continental Gin Co. v. Arnold, 66 Okl. 132, 167 P. 613, L.R.A.1918B, 511; 28 Am.Jur., Injunctions, secs. 4 and 243. It therefore follows that in view of the uncontradicted facts upon which the question was herein presented, the respondent District Judge erred in overruling petitioner's plea that the court lacked jurisdiction of his person therein; and said court should be prohibited from further seeking to exercise jurisdiction over him therein.

Accordingly, the writ is granted.

WILLIAMS, V. C. J., and CORN, ARNOLD, HALLEY and JACKSON, JJ., concur.