**CONSTRUCTION RESOURCES CORPORATION, Appellant,**

v.

**The COURTS, LTD., the Denman Company, Inc., and Maryland Casualty Company, Appellees.**

No. 50452.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 9, 1979.

Released for Publication by Order of Court of Appeals Feb. 22, 1979.

Eagleton, Eagleton & Owens, Inc. by Gregory M. Pensabene, Tulsa, for appellant.

McKinney, Stringer & Webster by Kenneth N. McKinney, Oklahoma City, for appellee The Courts, Ltd.

Monnet, Hayes, Bullis, Thompson & Edwards by James M. Robinson, Oklahoma City, for appellee The Denman Co.

ROMANG, Presiding Judge:

The Appellant (Construction Resources Corporation—General Contractor hereafter) was the general contractor under a contract with Appellee The Courts, Ltd. (Owner) for the construction of an indoor tennis court facility. Appellee The Denman Company, Inc. (Subcontractor) had a subcontract with the General Contractor to install the tennis court surfacing.

The Subcontractor brought this action against the General Contractor for unpaid retainage on the subcontract and sought to foreclose a mechanic and materialman's lien against the property. Also named as defendants were the Owner and mortgagee for purposes of lien foreclosure and the General Contractor's surety on "a payment *and/or* performance bond(s)" (emphasis supplied).

The General Contractor admitted its liability for the retainage but asserted a counterclaim against the Subcontractor and its surety as a third party defendant based on the allegations that the General Contractor "may have become liable" to the Owner for delays in construction and that the Subcontractor is liable to the General Contractor for damages resulting from the delays. The General Contractor included in its counterclaim a request for a declaratory judgment as to its liability, if any, to the Owner and included the Owner as a third party defendant to its counterclaim. A demurrer by the Owner to this claim was overruled but the District Court dismissed the Owner as a party after the General Contractor deposited the claimed funds and a bond for attorney's fees and costs into court in discharge of the lien.

The General Contractor appeals the dismissal of the Owner as a third party defendant to its counterclaim.

The issue for this Court is whether our statutes permit a defendant to assert as a counterclaim potential liability to a third party and bring the third party in as a third party defendant for a declaratory judgment. Before we can reach this issue we must rule on the Subcontractor's Motion to Dismiss for lack of an appealable order. No brief was filed in support of this motion but the General Contractor has opposed the motion by a written brief.

Under 12 O.S.1971, § 952 the Supreme Court has jurisdiction over appeals from, *inter alia,* "final order[s]". Section

953 of Title 12 defines a final order as an "order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment . . .." For all its importance § 953 has been little construed. We view the issue as one dealing with the appealability of an order dismissing a third party defendant. The matter is hardly free from doubt. Did the order of dismissal affect "a substantial right *in an action*" which, "in effect, determines the action and prevents a judgment"? We think the answer must be yes. The effect of the District Court's order is to terminate the declaratory judgment action against the owner preventing such a judgment. In contrast to a ruling sustaining a demurrer where the plaintiffs have not elected to stand on their pleading, this order terminated the possibility for relief as requested when the District Court had already ruled that a cause of action against the Owner had been stated. Cf. *Merchants Delivery Service v. Joe Esco Tire Co.,* Okl., 497 P.2d 766 (1972). Generally speaking, orders of dismissal have been held final and appealable. See e. g. *St. Louis-San Francisco Ry. Co. v. Superior Court,* Okl., 290 P.2d 118 (1955); *Thompson v. Thompson,* 184 Okl. 208, 86 P.2d 286 (1939); *Southwestern Natural Gas Co. v. Vernor,* 178 Okl. 344, 62 P.2d 1262 (1937); *State Bank of DaKoma v. Weaber,* 125 Okl. 186, 256 P. 50 (1927); and *Avery v. Jayhawker Gasoline Co.,* 101 Okl. 286, 225 P. 544 (1924). Contra, *Shaw v. Sturgeon,* Okl., 266 P.2d 462 (1954) and *Barker v. Daniels,* 195 Okl. 690, 161 P.2d 854 (1945).

The final judgment or order rule has a long and confused history in federal and state practice. See Wright, Handbook of the Law of Federal Courts (3rd Ed. 1976) § 101. The rationale has been stated

" . . . that it prevents piecemeal review of the rulings made in a single controversy and also recurring interruption of the proceedings in the trial court while interlocutory orders . . . are being tested in the appellate court." James, Civil Procedure (1965) p. 50 (footnotes omitted).

In commenting on the inconsistent history of the federal rule the U. S. Supreme Court has stated

"[f]or purposes of appellate procedure, finality . . . is not a technical concept of temporal or physical termination. It is the means for achieving a healthy legal system. . . . Neither a party nor a non-party witness will be allowed to take to the upper court a ruling where the result of review will be 'to halt in the order progress of a cause and consider incidentally a question which has happened to cross the path of such litigation' ". *Cobbledick v. United States,* 309 U.S. 323, 326, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940) (footnotes and citations omitted).

We believe the application of the statutory language and the historical purpose of the rule indicate the appealability of this order. It not only terminates the action against the Owner but it hardly reflects "piecemeal review". Whether "[a]n order affect[s] . . . a substantial right in an action" necessarily requires some glimpse into the potential merits of the claim. Were this merely a declaratory judgment action against the Owner there could be no doubt that its dismissal would be appealable. Where, as here, the General Contractor's liability to the Subcontractor may be subject to reduction by reason of the Subcontractor's liability to the General Contractor for the General Contractor's alleged breach of its contract with the Owner, it becomes clear that the District Court subjected the Appellant to the risk of (1) a judgment in favor of the Subcontractor and (2) a later action by the Owner against the General Contractor in which it would be forced to implead the Subcontractor. We believe this is a substantial right and clearly prevents an appealable issue. If the District Court is wrong nothing should go forward until its error is corrected. Whether the whole procedural setting is appropriate is an issue to which we now turn our attention.

The General Contractor counterclaimed against the Subcontractor alleging that the

Owner was claiming damages for delay (although no action was filed until after this order was entered), that under the contract which was the basis of the Subcontractor's claim, the Subcontractor was liable to the General Contractor for any liability the General Contractor had to the Owner where such delay was caused by the Subcontractor, and that the delay in question was caused by the Subcontractor. This claim clearly arises out of the "contract . . . set forth in the petition as the foundation of the plaintiff's claim . . .." 12 O.S. 1971, § 273. As relief it sought a declaration of its liability, if any, to the Owner, and a determination that it was entitled to reimbursement from the Subcontractor for any liability the Court determined it owed the Owner.

We find nothing objectionable to the seeking of declaratory relief by way of counterclaim. See e. g. 12 O.S.1971, § 1651 which provides generally that the "District Courts may, in cases of actual controversy, determine rights, status, or other legal relations . . .." Indeed, the magic of who files first and what relief is sought plays no proper role in determining what relief is appropriate. Cf. *Gray v. Defa*, 103 Utah 339, 135 P.2d 251 (1943); *Central Ice Cream Co. v. Universal Leaseway System, Inc.*, 20 Ill.App.2d 145, 155 N.E.2d 324 (1959); and *Midwest Transfer Co. v. Preferred Acc. Ins. Co.*, 342 Ill.App. 231, 96 N.E.2d 228 (1951).[1]

The question now becomes whether the Owner can be held as a third party defendant under 12 O.S.1971, § 323. That section provides that "[a]ll claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action." We note additionally that 12 O.S.1971, § 1653 (part of our Declaratory Judgments

Act) provides that "[w]hen a declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . .." It seems that under Section 323 certain claims "may be joined", i. e. the pleader has a right subject to the trial court's ordering a separate trial. *Chicago, Rock Island and Pacific Rd. Co. v. Davila*, Okl., 489 P.2d 760 (1971). While § 1653 says all persons "shall be" made parties, it provides for the result of a declaration where all interested parties are not joined. Thus nonjoinder is not an automatic deficiency. *Clear Lake City Water Authority v. Clear Lake Utilities Co.*, Tex., 549 S.W.2d 385 (1977).

Presented, as it was, with a written claim by the Owner for damages due to delays, the General Contractor had an "actual controversy" under § 1651. It could have brought an action for declaratory relief against the Owner and would be expected to join the Subcontractor as a person who had an "interest which would be affected by the declaration . . .." Furthermore, non-declaratory relief against the Subcontractor would be possible "whenever such relief becomes necessary and proper after the determination has been made." 12 O.S.1971, § 1655.

May this be done by way of a third party complaint under § 323? Under § 323 claims must (a) arise out of the transaction or occurrence that is the basis of the plaintiff's claim and (b) contain common questions of fact. "[A]ny person who is liable on such a claim may be joined as a party to the action."

The Subcontractor's claim was that the subcontract had been performed and payment had not been completely made. The transaction clearly encompassed the subcontract and its performance. The General Contractor's counterclaim for the delays

---

1. We are aware that our Declaratory Judgments Act, while based on the Uniform Declaratory Judgments Act, does not include the usual section calling for uniform interpretation. See 12 U.L.A., Uniform Declaratory Judgments Act § 15 p. 605. Consequently, decisions of other courts are not entitled to the precedential effect they normally have in uniform legislation. Nevertheless, decisions of other courts interpreting statutory language similar to Oklahoma's is properly persuasive.

arose out of the general contract and the subcontract.

The parties have not adequately addressed the requirement that there be common questions of fact, i. e. questions of fact common to plaintiff's claim and the defendant's counterclaim and third party claim. The overriding purpose of § 323 is properly stated to embrace the "principle that the courts should have the power to adjudicate at one time all claims that arise out of one transaction." Fraser, The New Oklahoma Joinder Statutes, 34 O.B.A.J. 2199 (1963) (footnote omitted). The efficiency of the process and fairness to the parties is central to the notion of joinder. But this efficiency is only carried out where there is such a nexus between the two claims that some savings can result. As Professor Fraser stated:

> " . . . both claims must contain common questions of fact, but it is not necessary that all questions of fact be common to both claims because a saving of time and expense will result from trying the claims together although only a few questions of fact are common to both of them. However, joinder should not be allowed if there are no common questions of fact."
> Fraser, *supra* at 2200.

Appellant understandably urges that the joinder is permissive (mandatory where sought). It continues to urge the efficiency of the joinder, the avoidance of multiplicity of actions, and the liberal construction given remedial statutes. Cf. 12 O.S.1971, § 2. But the only statement on commonality in its brief is that "[b]oth actions obviously contained common questions of fact."

The Subcontractor may recover its retainage by showing the subcontract, its own performance and non-payment. These issues are not challenged insofar as this appeal is concerned. The counterclaim and third party claim suggest that the Owner's demand for damages for delay may be valid against the General Contractor and, if they are, the Subcontractor is liable under its subcontract. To be sure, certain non-contested facts are in common, e. g. the existence of a subcontract, the construction of an indoor tennis facility, etc. But these common facts are not really in controversy. To accept Appellant's position we must ignore the fact that the legislature required both a common transaction *and* common questions of fact. Where would be the savings from joinder where the new controverted issues of fact were all new to the litigation? In all cases where the transaction is the same there will be peripheral facts in common. If that is all that is required we do not need the added language. Notably, the statute requires "common *questions* of fact." Where the common facts are not common questions, joinder under § 323 is not permitted. On the record in this case, we fail to find those common factual questions required by the statute. The decision below is affirmed.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.